E. J. Eddy, Inc., Appellant, *v.* Fidelity and Deposit Company of Maryland, Respondent.

(Submitted June 8, 1934; decided October 2, 1934.)

*Frederick G. Mitchell* and *William P. Conley* for appellant.

*Mark N. Turner* for respondent.

LOUGHRAN, J. In March, 1931, the firm of Barnett Bros. entered into a contract with the city of Buffalo for the performance of public work. Section 666 of the charter of the city of Buffalo (Local Law No. 4, 1927; Local Laws, 1932, p. 21) directs that a contractor with that city " shall give an undertaking with a sufficient surety or sureties approved by the head of the department making the contract and in an amount specified therein for the faithful performance of the contract, which undertaking shall provide, among other things, that the person or corporation entering into the contract with the city will pay for all materials and services rendered in the execution of the contract, and that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligors in the undertaking as though such person or corporation was named therein, provided the action is brought within one year after the time the cause of action accrued." Conformably to this provision, a bond was furnished to the city of Buffalo by Barnett Bros., as principals, upon which the defendant Fidelity and Deposit Company of Maryland is surety. Barnett Bros. having been adjudicated bankrupt, the plaintiff, an unpaid subcontractor that supplied materials to them for performance of their contract, brings this action upon that bond.

That the city charter and the bond bestow a cause of action upon the plaintiff is not disputed. We assume that the beneficiary of a right so to sue may not enforce it to the prejudice of a municipal corporation by which the right is created. The intention to make such a bond a means of securing compensation to those whose labor or materials are to forward performance of a contract for public work is undoubtedly subordinate to the self-protection which is the first objective of the municipal corporation in taking the bond. It seems clear that a cause of action cannot be established in a case like this unless the municipal corporation has received upon a contract for public work the substantial performance which the bond of its contractor is primarily intended to secure. (*Fosmire* v. *National Surety Co.*, 229 N. Y. 44. Cf. *Wilson* v. *Whitmore*, 92 Hun, 466; affd. *sub nom. Wilson* v. *Webber*, 157 N. Y. 693; *Johnson Service Co.* v. *Monin, Inc.*, 253 N. Y. 417.) Danger that the city of Buffalo may be made the victim of a claim antagonistic to its own interest in the penalty of this bond is not apparent. The public work in question has been accepted by the municipal authorities and final payment for it has been made. The defendant does not contend that this action is prematurely brought and concedes that it was commenced within the one-year limitation fixed by the city charter and by the bond.

The record presents a question upon which there is a difference of opinion among us. An ordinance of the city of Buffalo, in force at least since 1920 (Ordinances of City of Buffalo, 1920, ch. 3, § 11), requires that every bond given for the performance of any contract made by that city shall contain a condition substantially the same in text as that prescribed by the city charter as above quoted. This ordinance further provides: " The obligors in any such bond shall be liable and may be sued accordingly. Notice of the commencement of such action and of all proceedings therein shall be given to the Corpora-

tion Counsel, and in default of such notice no recovery shall be had in such action." The plaintiff has not given the notice called for by the ordinance. Upon that ground solely, the Appellate Division affirmed a dismissal of the complaint directed upon another ground at the trial.

We are unanimously in accord with the ruling of the Appellate Division that the complaint should not have been dismissed for the reason assigned by the trial court.

We are one also in the opinion that the plaintiff is not exempt from the operation of the ordinance. Although the city of Buffalo has here accepted the public work and has made full payment for it, latent defects in the performance of the contract may have since developed which would entitle the municipality to resort upon its own account to the security of the bond in suit. Even were this possibility precluded, insistence upon obedience to the ordinance is not to be dismissed as capricious. The plaintiff is but one of a class of beneficiaries of the defendant's obligation. For all that appears, laborers or other materialmen having equal rights may be unpaid by Barnett Bros., the contractors. Assuming that the city of Buffalo may no longer choose to assert any right of its own, notice pursuant to the ordinance may enable it, if it see fit, to procure equitable apportionment of the penalty of this bond among all others intended to be benefited by the undertaking. For these reasons, and perhaps for others, no exception in favor of the plaintiff should be made to the requirement of notice imposed by the ordinance.

In the opinion of a majority of the court, it does not follow that the complaint should have been dismissed on the sole ground that the plaintiff omitted to comply with the ordinance. The answer is silent respecting the failure of the plaintiff to notify the city of Buffalo of the prosecution of this action. Upon the issues raised by the pleadings, the cause of action against the defendant

surety is established, unless notice by the plaintiff to the municipal corporation, in accordance with the ordinance, is a substantive element of the liability asserted. We think the ordinance should not be so construed.

The plaintiff sues in its own right. Notice to the city of Buffalo is not made a condition precedent to prosecution of the remedy conferred. That city is not made a necessary party to any proceeding. It demands " Notice of the commencement of such action and of all proceedings therein." No precise time is defined when or within which that notice is to be had. The purpose of notice thus to be given seems plain. In terms of the case at hand, the intent of the ordinance appears to us to be that the penalty of the bond in suit is not to be exhausted or diminished in satisfaction of the claim of this plaintiff, until the obligee, the city of Buffalo, has had opportunity to present to the court its primary right, or perhaps the secondary rights of other beneficiaries of the same security. We think the requirement of notice enjoined by the ordinance was such an administrative regulation and nothing more.

So construed, the ordinance could here have been given full effect without summary dismissal of the complaint. In the first instance it would have been enough to have withheld judgment until the plaintiff, by notice pursuant to the ordinance, had afforded to the city of Buffalo the chance of a hearing in the action. The policy of that municipality, as declared by its charter, is that the bonds of its contractors shall protect those whose services or materials go into its public work. The ordinance manifests the same intention. To a majority of the court it seems that the ruling of the Appellate Division may in some cases result in the frustration of this policy and intention. Certainly that is the consequence of dismissal of the complaint in this case, in the event the penalty of this bond is adequate to cover all liabilities of Barnett Bros., the contractors, growing out of the public work in

question. The ordinance will bear another construction, one more consonant with its spirit and aim, as we have attempted to show.

In our opinion, therefore, a new trial should be had.

The plaintiff assails the ordinance as unconstitutional. Since it was enacted before the bond in suit was made, the contention that a vested right of the plaintiff has been abridged is not persuasive. There is no inconsistency between the ordinance and the charter provision under which the bond was delivered. It is true the charter does not specifically authorize exaction of the notice required by the ordinance. Whether there was incidental power to impose this requirement we need not decide. It is sufficient to say, upon this branch of the case, that these questions were not raised at the trial.

The judgment should be reversed and a new trial granted, with costs to the appellant in all courts to abide the event.

POUND, Ch. J., CRANE, LEHMAN and O'BRIEN, JJ., concur; HUBBS and CROUCH, JJ., dissent.

Judgment reversed, etc.