DANIEL-MORRIS Co., INC., Respondent, *v.* GLENS FALLS INDEMNITY COMPANY et al., Appellants, et al., Defendants.

Argued January 6, 1955; decided April 28, 1955.

*David S. Konheim* for Glens Falls Indemnity Company, appellant. I. Plaintiff has no right of action on the bond. (*Associated Flour Haulers & Warehousemen* v. *Hoffman,* 282 N. Y. 173; *Moch Co.* v. *Rensselaer Water Co.,* 247 N. Y. 160; *Skinner Bros. Mfg. Co.* v. *Shevlin Engineering Co.,* 231 App. Div. 656, 257 N. Y. 562; *Van Clief & Sons* v. *City of New York,* 141 Misc. 216; *Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90; *Lamb* v. *Union Ry. Co.,* 195 N. Y. 260.) II. The inference that Big-W did not need the payment bond for its own use and protection is not justified by the record. (*American Radiator Co.* v. *City of New York,* 223 N. Y. 193; *Anisansel* v. *Coggeshall,* 83 App. Div. 491.) III. The inference that Big-W Construction Corp. did not want the payment bond for its sole use and protection and as the sole obligee thereof is unfounded. (*Beveridge* v. *New York Elevated R. R. Co.,* 112 N. Y. 1; *Gearns* v. *Commercial Cable Co.,* 293 N. Y. 105; *Matter of Loew's Buffalo Theatres,* 233 N. Y. 495.) IV. A substitution for a named obligee in a bond ought not be made without clear and decisive proof requiring such substitution. (*McClare* v. *Massachusetts Bonding & Ins. Co.,* 266 N. Y. 371; *Fosmire* v. *National Sur. Co.,* 229 N. Y. 44; *Duffy Co.* v. *Board of Educ.,* 255 App. Div. 493, 280 N. Y. 773; *McCormack Sand Co.* v. *Edward D. W. Milligan, Inc.,* 253

App. Div. 743; *Galasso* v. *National Sur. Co.,* 251 App. Div. 805; *Graybar Elec. Co.* v. *New Amsterdam Cas. Co.,* 292 N. Y. 246; *Strong* v. *American Fence Constr. Co.,* 245 N. Y. 48.)

*Leon J. Shapiro* and *G. A. Shapiro* for Big-W Construction Corp., appellant. I. Plaintiff is not entitled to relief against defendant Big-W Construction Corp. (*Strong* v. *American Fence Constr. Co.,* 245 N. Y. 48.) II. If plaintiff is a third-party beneficiary under the bond, any relief to which it is entitled can and should be direct relief against the surety company.

*Sibyl C. Welling* for respondent. I. The payment bond sued on, being an instrument of guarantee separate and independent of any indemnity to the contractor, is for the benefit of plaintiff who has a direct right of action thereon supported by fact and law. (*Lawrence* v. *Fox,* 20 N. Y. 268; *Seaver* v. *Ranson,* 224 N. Y. 233; *Van Clief & Sons* v. *City of New York,* 141 Misc. 216; *McCormack Sand Co.* v. *Edward D. W. Milligan, Inc.,* 253 App. Div. 743; *Fosmire* v. *National Sur. Co.,* 229 N. Y. 44; *Duffy Co.* v. *Board of Educ.,* 280 N. Y. 773; *Graybar Elec. Co.* v. *Seaboard Sur. Co.,* 157 Misc. 275; *Johnson Service Co.* v. *E. H. Monin, Inc.,* 253 N. Y. 417; *McClare* v. *Massachusetts Bonding & Ins. Co.,* 266 N. Y. 371.) II. For laborers and materialmen to have a right to enforce the payment bond directly strictly fulfills the intention of the bond as created through the motivation of the obligee-prime contractor. (*State* v. *Logan,* 344 Mo. 351.) III. The contention of appellant surety company that settled law in this State prohibits a materialman from directly enforcing a separate payment bond is contrary to fact.

DYE, J. In this action to recover on a contractor's payment bond, the defendants have appealed from an order of the Appellate Division, First Department, which modified a judgment of the Supreme Court, New York County, by reversing on the facts and the law so much thereof as had dismissed the plaintiff's complaint against the defendants Glens Falls Indemnity Company and Big-W and ordering a new trial. The appeals are here on a stipulation for judgment absolute, notwithstanding that permission to appeal was granted on certified questions (Civ. Prac. Act, § 588, subd. 3; *Matter of Brooklyn Union Gas Co.* v. *McGoldrick,* 270 App. Div. 186, appeal dismissed 297 N. Y. 936, see footnote 297 N. Y. 937; 298 N. Y. 536).

Big-W, as general contractor for a large housing project, by written contract, sublet the heating and plumbing to defendants Horowitz & Rubin, a copartnership, by the terms of which the latter agreed to furnish materials and labor " free of the lien of any third party " and to " indemnify and save harmless the contractor, the owners  *  *  *  against loss, damages or expense " to secure which they agreed " to furnish a 20% Payment and a 20% Performance Bond, both of which are to be paid by the General Contractor."

To meet this contract requirement, two contractor's bonds in favor of Big-W as obligee, were executed by Glens Falls Indemnity Company, as surety, and Horowitz & Rubin, as principals. The respective premiums charged were paid by Big-W. The bonds constituted separate and distinct documents — one being a standard contractors form payment bond in the penal amount of $78,000 conditioned, however, " if the Principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract  *  *  *  then this obligation to be void, otherwise to remain in full force and virtue." It is this bond with which we are now concerned, as the separate performance bond in an equal amount and conditioned on performance of the subcontract was not available to this materialman in any event.

In the course of the work the plaintiff furnished to Horowitz & Rubin plumbing supplies of the value of $17,077.36 for which it was not paid. When the subcontractor failed, the plaintiff made due and timely demand for payment of the defendants Glens Falls Indemnity Company as surety and Big-W as general contractor. Glens Falls refused to pay the plaintiff or Big-W for the use and benefit of the plaintiff. Plaintiff then demanded of Big-W that it institute suit against Glens Falls Indemnity Company to compel it to pay the indebtedness due them. Big-W refused. This suit was then commenced, Big-W defending on the ground that the payment bond did not inure to the benefit of a third-party materialman, but ran only to the benefit of Big-W as general contractor. At the trial, before a Justice of the Supreme Court, without a jury, the parties submitted the contracts and the bonds, and stipulated that the plaintiff did not sell and deliver the material and supplies in reliance on any representations made to it by Glens Falls Indem-

nity Company " except to the extent to which the bond itself is a representation ".

The Trial Justice, in dismissing the complaint on the merits, took the view that the plaintiff had no right as a third-party beneficiary to enforce the separate payment bond for its own use and benefit for the reason that the bond had been given to indemnify the general contractor and that the bond was not such a representation as to enlarge the liability of the surety for nonpayment by the subcontractor. The Appellate Division, as we have indicated, took a contrary view which we approve. The validity of the within payment bond is not questioned; the only issue is whether this plaintiff may enforce it. The affirmative answer is furnished by the circumstances under which the bond was written. The underlying contract, as we have pointed out, required the furnishing of work and materials " free of the lien of any third party " and indemnity for non-performance. To meet this underlying obligation two separate and distinct bonds were given. Suit by this plaintiff to enforce the payment bond is an entirely different situation than that existing where the obligations of the surety are combined in a single payment — performance bond. In such a situation a materialman may not maintain a separate suit as a third-party beneficiary because the primary or dominant purpose of the combined bond is regarded as " performance " which should not be dissipated or defeated by the neglect of the subcontractor to meet his obligation (*Fosmire* v. *National Sur. Co.,* 229 N. Y. 44).

Here we are not confronted with the problem of ascertaining the dominant purpose of a bond having a twofold function, but simply whether the primary, paramount purpose of this bond — payment of materialmen — may be enforced by a materialman. On this record it is clear that he may. This introduces no new principle — a materialman is allowed to sue as a third-party beneficiary whenever " the primary purpose of [the] bond but * * * also [its] paramount purpose " is to benefit creditors (cf. *McClare* v. *Massachusetts Bonding & Ins. Co.,* 266 N. Y. 371, 377). The language of the within bond specifically provides that the materials furnished are to be " free of the lien of any third party ". When this is read in conjunction with the underlying contract, the inference is irresistible that the

parties intended to benefit unpaid materialmen. The intention to benefit is pointed up by the fact that the separate performance bond given to the prime contractor afforded it protection for noncompletion of the work, which necessarily included the contingencies within the indemnification of the payment bond. The materialman, on the other hand, had no recourse against the performance bond.

The intention to benefit the materialmen must not be confused with the motive of the parties in entering into the bond. Big-W's demand for indemnification, as pointed out in the opinion below, '' supplies the motive in securing the undertaking rather than the intent as to who shall be benefited ''. Once the right is created the law furnishes a remedy irrespective of the motivation of the parties (*Seaver* v. *Ransom*, 224 N. Y. 233; *Lawrence* v. *Fox*, 20 N. Y. 268; 2 Williston on Contracts, §§ 372–402; Corbin, Third Parties as Beneficiaries of Contractors' Surety Bonds, 38 Yale L. J. 1).

*McGrath* v. *American Sur. Co.* (283 App. Div. 693, 698, revd. 307 N. Y. 552) is not authority to the contrary. There it clearly appeared that the bond sought to be enforced was not intended to supersede or supplement the right of action given materialmen under the Miller Act (U. S. Code, tit. 40, §§ 270a, 270b; cf. *Socony-Vacuum Oil Co.* v. *Continental Cas. Co.*, 219 F. 2d 645 [U. S. Court of Appeals, 2d Cir.]).

Nothing turns on the circumstance that the bonds were respectively written for only 20% of the contract price. Ordinarily, in dealing with responsible contractors, this would be sufficient as payments are withheld pending certification of progress and completion. The 20% limitation was a calculated risk. That it turned out to be insufficient cannot embarrass the surety; its ultimate liability is fixed by the penalty of the bond. Whatever it pays to a third party will be in reduction of its liability to the prime contractor.

The order of the Appellate Division should be affirmed, with costs, and judgment absolute directed against appellants on the stipulations herein.

CONWAY, Ch. J., DESMOND, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Order affirmed, etc.