Saul S. Streit, J.
The payment bond, upon which this action is based, is separate and distinct from the performance bond given by the defendants at the same time and in connection with the same contract. It provides that it is to be void if ‘1 the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract ”. The specifications which formed part of the contract provided that the payment bond was to be furnished ‘ ‘ for the protection of persons furnishing material or labor in connection with the performance of the work under this agreement ’ ’. There can be no question but that the bond was not intended for the exclusive benefit of the Western Electric Company, Inc., the obligee named in the bond, and that at least those who furnished labor and materials pursuant to direct contracts with defendant, the H. K. Ferguson Company, the principal on the bond, were beneficiaries entitled to enforce the bond (Daniel-Morris Co. v. Glens Falls Ind. Co., 308 N. Y. 464). The present action, however, is brought by one who furnished materials, not to the Ferguson Company, but to Baker Smith Company, Inc., a subcontractor of the Ferguson Company. There was no contractual relationship between plaintiff and the Ferguson Company. Defendants contend that *442 the bond was not intended for the benefit of any persons furnishing labor or materials to the job, except those in direct contractual relationship with the Ferguson Company. Both the bond and the specifications clearly provide that its protection extends to “ all persons supplying labor and material in the prosecution of the work” (italics supplied), without any qualifications or limitation restricting the beneficiaries of the bond to those in direct contractual relationship with the Ferguson Company. The bond was prepared by defendant surety on behalf of both defendants. A limitation such as that now sought to be read into the bond could easily have been inserted therein by defendants. In the circumstances, their failure to qualify or limit the coverage of the bond to those (furnishing labor or materials) who were subcontractors of the Ferguson Company requires that the bond be interpreted, in accordance with its clear and unambiguous language, as intended for the benefit of anyone furnishing labor or materials, regardless of the existence of a direct contractual relationship with the Ferguson Company (Neill Supply Co. v. Fidelity & Deposit Co. of Maryland, 152 N. Y. S. 2d 157, 160). The case of MacEvoy v. United States (322 U. S. 102) relied upon by defendants, is clearly distinguishable. The bond involved in that case had been given pursuant to the Miller Act (United States Code, tit. 40, § 270a el seq.) and the decision of the court was based upon its interpretation of said statute. The court held that the proviso referred to at page 106 of its opinion indicated that Congress intended that a recovery by persons having no contractual relationship to the prime contractor be limited to persons having contractual relationship with a ‘ ‘ subcontractor ”. It further held that James N. Miller and Company, to whom Tomkins furnished materials, was not a “ subcontractor ’ ’ of MacEvoy, the prime contractor, within the meaning of the statute, because Miller and Company was merely a materialman, which had sold materials to MacEvoy, whereas the word “subcontractor”, as used in the statute, meant (p. 109) “ one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract, thus excluding ordinary laborers and materialmen ”. The moving affidavit in the instant case states that the Ferguson Company hired Baker Smith Company, Inc. “as a subcontractor * * * to perform certain work and furnish certain materials at the afore-mentioned Stewart Air Force Base; said work being part of that which was required to be done by the H. K. Ferguson Company and said materials being part of those required to be furnished by the said The *443 H. EL Ferguson Company ”. This is not denied in the answering affidavit of Nelson, who affirmatively states that “ Ferguson thereafter entered into a subcontract with Baker, Smith & Co., Inc.” for the performance of certain parts of Ferguson’s contract with Western Electric Company. The obstacle to recovery in the cited case, viz.: that the firm to which the claimant had supplied materials was not a “ subcontractor ” of the prime contractor, therefore does not exist in the instant ease. Furthermore, the bond upon which the present action is predicated is a common-law bond and not a bond given under the Miller Act, although the specifications stated it was to be in the form of a Miller Act bond.
Defendants argue that the fact that the Ferguson Company waived the furnishing to it, by the Baker Smith Company, of a bond, protecting the former from claims by the latter’s subcontractors, laborers and materialmen, indicates that the payment bond given by the Ferguson Company and its surety was not intended for the benefit of those dealing with the Baker Smith Company. Apart from the fact that this does not necessarily follow, the argument overlooks the fact that the intent of the bond is to be determined from its wording, and that the unexpressed and undisclosed intent of the obligors may not be permitted to overcome the unambiguous language of the bond itself.
As the only triable issue relates to the amount of plaintiff’s recovery, the motion is granted and an assessment of damages directed (Neill Supply Co. v. Fidelity & Deposit Co., supra,
p. 160).
Settle order providing for such assessment at Trial Term, before a jury or before an official referee, whichever the parties may elect.