Matthew J. Jasen, J.
By this motion the plaintiff seeks summary judgment against the defendant Continental Casualty Company upon the third cause of action in its complaint.
Plaintiff is a materialman which furnished gasoline and oil to the defendant Newjer Contracting Co., Inc., for its use in performing a subcontract for defendant Poirier & McLane Corp. The latter defendant was engaged in a prime contract with the defendant State of New York, rerouting certain railroad tracks of the New York Central Railroad.
Under its contract with the State of New York, Poirier & McLane Corp., posted performance and payment bonds pursuant to section 137 of the State Finance Law. Under the payment bond it undertook to guarantee that all subcontractors and materialmen would be paid for work done and materials furnished in the prosecution of the contract. When Poirier & McLane Corp. subcontracted part of its work to defendant Newjer Contracting Co., Inc., it exacted similar performance and payment bonds from the subcontractor. By the subcontractor’s payment bond, the defendant Newjer Contracting Co., Inc., and the defendant Continental Casualty Company, guaranteed that all of its subcontractors and materialmen would be paid. Defendant Newjer Contracting Co., Inc., defaulted in its payments to plaintiff for gasoline and oil received on the job.
In the third cause of action of its complaint, plaintiff seeks to recover from defendant Continental Casualty Company the amount of money owed it by Newjer Contracting Co., Inc., on the theory that the payment bond posted by Newjer Contracting *685 Co., Inc., and Continental Casualty Company was made for its benefit.
The only question before the court is whether the obligation of the payment bond posted by the subcontractor and its surety was imposed for the benefit of materialmen creditors of the subcontractor, or whether the bond was given to indemnify the prime contractor from possible liability upon its own payment bond filed with the State. The material language of the bond is as follows: “ If the principal (Newjer Contracting Co., Inc.) shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract, then this obligation to be void; otherwise to remain in full force and virtue.”
In determining the rights of parties to sue upon a payment bond, the intent of the parties in executing the bond is controling. (Daniel-Morris Co. v. Glens Falls Ind. Co., 308 N. Y. 464 [1955]; McGrath v. American Sur. Co. of N. Y., 307 N. Y. 552 [1954].)
The contract between the State of New York and Poirier & McLane Corp. and the subcontract between Poirier & McLane Corp. and Newjer Contracting Co., Inc., are not before us, but from the language of the payment bond furnished by the subcontractor and the provisions of section 137 of the State Finance Law, it appears that the intent of the parties in furnishing the payment bond here sued upon was to indemnify Poirier & McLane Corp. from liability which might be imposed upon it because of the obligation arising out of having filed its own payment bond with the State of New York. The plaintiff as well as other materialmen and subcontractors, was completely protected under the payment bond filed by the prime contractor, and there would be little reason for the prime contractor’s insisting upon a similar bond protecting the plaintiff and other materialmen.
The McGrath case involved an action against the surety on a payment bond given by the subcontractor for whom the plaintiff performed labor and services. The general contractor had also filed a payment bond with the United States, for which it was performing a public improvement contract. The latter bond was filed pursuant to the requirements of the Miller Act (U. S. Code, tit. 40, §§ 270a, 270b). In turn, the general contractor had exacted from the subcontractor the bond sued upon.
The Court of Appeals held that the plaintiff could not bring suit on the payment bond filed by the subcontractor since that bond was exacted solely to idemnify the general contractor from *686 liability which might result from nonpayment of materialmen and subcontractors on the bond it posted with the United States. The court stated that the plaintiff was completely protected and had a right to bring suit under the Miller Act on the payment bond posted by the general contractor. While the Miller Act is not here involved, section 137 of the State Finance Law, provides that a payment bond may be exacted by the State from the general contractor in order to protect subcontractors and materialmen and gives them the right to bring an appropriate action on that bond. Such a bond was required of the prime contractor and plaintiff may recover on such bond.
The Daniel-Morris Co. case (supra) relied upon by plaintiff, is easily distinguishable. In that case the general contractor was performing a private contract and no provision of law imposed upon it the obligation of filing a payment bond or gave to materialmen and subcontractors who were not paid for their services any rights such as appear in the State Finance Law.
Therefore, in construing the intent of the prime contractor in exacting from the subcontractor a payment bond, the court held that it was obviously done for the purpose of protecting materialmen and subcontractors and if they had not been paid for their work under the contract, they had a right to sue on the bond.
The motion of the plaintiff for summary judgment is denied.