■ SCALES-DOUWES CORPORATION, Respondent, v. PAULAURA REALTY CORP. et al., Defendants, and CONTINENTAL CASUALTY COMPANY, Defendant and Third-Party Plaintiff-Appellant. NORMAN RAPPAPORT et al., Third-Party Defendants. — In an action by a subcontractor to recover an unpaid balance in connection with its installation of sanitary and storm sewers, defendant and third-party plaintiff Continental Casualty Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County, dated June 28, 1967 and rendered after a nonjury trial, as is in favor of plaintiff against it. Judgment reversed insofar as appealed from, on the law and the facts, with costs; in accordance, the provisions thereof in favor of plaintiff as against defendant Continental Casualty Company and in favor of Continental as third-party plaintiff against the third-party defendants are deleted; and complaint as against Continental and Continental's third-party complaint dismissed. Plaintiff entered into a contract with defendant Gamport Construction Corp. for the installation of sanitary sewer and storm drainage systems work in connection with certain described building lots. Although Gamport represented that it owned the lots, they were in fact owned by defendant Paulaura Realty Corp. In accordance with the provisions of section 277 of the Town Law, Paulaura, as principal, and appellant, as surety, executed two performance-payment bonds which ran to the Town of Orangetown, as obligee. One of the bonds concerned the grading and drainage of certain highways and the other involved the construction and maintenance of the sewer system. The matter before us concerns only the right of plaintiff, which was not paid in full, to recover on the bonds. We are of the opinion that it may not recover. There was no underlying agreement by which either Gamport or Paulaura promised the town that subcontractors or materialmen were to be paid; nor did the applicable statute require that the bond so provide (cf. *E. J. Eddy, Inc. v. Fidelity & Deposit Co.*, 265 N. Y. 276; *Merchants Mut. Cas. Co. v. United States Fid. & Guar. Co.*, 253 App. Div. 151; *Graybar Elec. Co. v. Seaboard Sur. Co.*, 157 Misc. 275). Further, the bonds were primarily conditioned upon performance rather than payment. " In such a situation a materialman may not maintain a separate suit as a third-party beneficiary because the primary or dominant purpose of the combined bond is regarded as 'performance' which should not be dissipated or defeated by the neglect of the subcontractor to meet his obligation (*Fosmire v. National Sur. Co.*, 229 N. Y. 44). " (*Daniel-Morris Co. v. Glens Falls Ind. Co.*, 308 N. Y. 464, 468; see, also, *McGrath v. American Sur. Co. of N. Y.*, 307 N. Y. 552; *Eastern Steel Co. v. Globe Ind. Co.*, 227 N. Y. 586). The fact that the obligee did not exhaust the penal sums of the bonds cannot serve to convert their purpose to one of benefiting suppliers of labor and materials. The intent of the bonds may not be altered to allow one who

is only an incidental beneficiary thereof to recover (cf. *Saucke Bros. Constr. Co. v. Comstock*, 139 Misc. 106, affd. 235 App. Div. 650, affd. 260 N. Y. 546; *Tomaso, Feitner & Lane v. Brown*, 4 N Y 2d 391, 393). Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.