(August 19, 1980)

■ In the Matter of JERRY S. AMALFITANO et al., Appellants, v ANTHONY

SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondent, and CARMINE A. GUADAGNINO, Respondent.—In a proceeding, *inter alia,* to validate a petition designating the appellants as candidates in the Conservative Party primary election to be held on September 9, 1980, for the party positions of Assembly District Leader and Associate Assembly District Leader from the 49th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 15, 1980, which, *inter alia,* dismissed the application. Judgment reversed, on the law, without costs or disbursements, application granted and the Board of Elections is directed to place the names of the appellants on the appropriate ballots. Appellants, who are candidates for the positions of Conservative Party Assembly District Leader and Associate Assembly District Leader, timely filed with the New York City Board of Elections a joint designating petition in their names and the names of individuals who were candidates for the Conservative Party County Committee in 55 election districts. The cover sheet of the petition overstated the number of signatures in 21 of the 55 election districts. Apparently, the circulators had included in each election district total the signatures of those persons who, while residing in the election district, had specified incorrect election districts with their signatures. It is not disputed that the total number of signatures for the Assembly District Leader and Associate Assembly District Leader positions was accurately reflected on the cover sheet and exceeded the number required for placement on the ballots. Nonetheless, the Board of Elections, upon the objection of respondents Guadagnino and Rabena, invalidated the designating petition in its entirety. The instant proceeding was commenced by the appellants only, seeking validation of the petition as to them. No proceeding was commenced by the county committee candidates. Special Term, after a hearing before a Special Referee, dismissed the proceeding, concluding that appellants had engaged in a "fraudulent practice", and the Board of Elections was justified in invalidating the petition. Special Term's judgment should be reversed and the application granted. We find no evidence of deliberate fraud on the part of the appellants. The inaccuracies which appeared on the cover sheet did not bear directly on the appellants' candidacies and were not of sufficient magnitude to justify invalidation of the entire petition. Hopkins, J. P., Lazer, Rabin and Martuscello, JJ., concur.

Margett, J., dissents and votes to affirm the judgment with the following memorandum: I would affirm on the opinion of Special Term. Subdivision 2 of section 6-134 of the Election Law mandates that a designating petition consisting of 10 or more sheets be accompanied by a cover sheet specifying, *inter alia,* the total number of signatures contained in the volume. The appellants' failure to comply with the statutory requirement warrants invalidation of the entire petition.