■ In the Matter of NEBRASKA BRACE, Respondent, v GEORGE P. SCARINGE et al., Constituting the Board of Elections of Albany County, Respondents, and JAMES H. BOULDIN, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered August 19, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the designating petition naming respondent James H. Bouldin as a Democratic Party candidate for the office of Albany County Legislator, Third Legislative District, in the September 13, 1983 primary election. In our view, Special Term properly held that the statutory provisions regarding the contents of a designating petition's cover sheet (Election Law, § 6-134, subd 2) are mandatory and are to be strictly enforced (*Matter of Hutson v Bass,* 54 NY2d 772, 773-774). The cover sheet submitted with the designating petition of respondent James Bouldin failed to list any residence address for the candidate and also failed to indicate the total number of signatures contained in the petition (see Election Law, § 6-134, subd 2). Unlike the situation presented in *Matter of Amalfitano v Sadowski* (51 NY2d 719, affg 77 AD2d 930), wherein the alleged irregularities appearing on the cover sheet of the designating petition did not involve the information required to be present by statute, the omissions on respondent Bouldin's cover sheet involve mandated information. In the absence of strict compliance with subdivision 2 of section 6-134 of the Election Law, Special Term correctly invalidated the designating petition. The constitutionality of subdivision 2 of section 6-134 of the Election Law is also challenged on this appeal. Respondent Bouldin contends that if the statute is construed as requiring strict compliance therewith, it impermissibly violates the fundamental constitutional rights to vote and stand for elected public office. We need not consider this issue, however, since it was not raised in the court below (*Wein v Levitt,* 42 NY2d 300, 306; *E. J. Eddy, Inc. v Fidelity & Deposit Co. of Md.,* 265 NY 276; 20 NY Jur 2d, Constitutional Law, § 49, p 105). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.