OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a petition to validate a designating petition which seeks to designate the petitioner and certain others as candidates for the party positions of delegates and alternate delegates to the Republican National Convention from the Seventh Congressional District of the State of New York. Petitioner raises, as a threshold issue, a novel question of law, not previously directly addressed by the courts.
Petitioner was one of six persons named in the designating petition as candidates for the position of delegates and alternate delegates. The respondent-objector, however, objected only as to petitioner and two other candidates. The Board of Elections accepted the objections and specifications in this form and, upon examining the petition, found that there were fewer than the required number of valid signatures. Specifically, the total number of valid signatures required was 1,250; the total number of signatures submitted was 1,620; the Board found 627 invalid signatures, leaving 993 valid signatures, 257 fewer than the required number.
*509 Petitioner takes the position that an objector who challenges the validity of a signature on a designating petition may not pick and choose among candidates as the respondent-objector has done. He argues that the petition must be taken as a whole, and that objections to the sufficiency of the petition may not be limited to only specific candidates. Specific signatures objected to must be either valid as to all candidates, or invalid as to all. His point is that since the respondent-objector has attempted to object to less than all of the candidates named in the petition, the objections and specifications are fatally defective as to form, and should not have been accepted by the Board of Elections as the basis of a challenge to the petition. Therefore, he concludes, the Board should have accepted the petition as presumptively valid (Matter of Reich v Bosco, 21 Misc 2d 973, affd 9 AD2d 919), and his name and the names of the others should be placed on the ballot.
Neither the parties nor the court, after extensive research, have uncovered any cases which directly address this issue. Those superficially similar cases, where objection was made to one candidate on a petition, and not others, on grounds relating to eligibility such as residence or party affiliation, and not to the validity or sufficiency of signatures, must be carefully distinguished from the one at bar. Also to be distinguished are cases such as Matter of Amalfitano v Sadowski (77 AD2d 930, affd 51 NY2d 719), where errors in totalization of signatures on the cover sheet of a petition were made as to some candidates, and not others. The petition was sustained as to those candidates whose totals were correct, since the inaccuracies did not bear directly on their candidacies. Here, the challenged signatures do relate to all candidates on the petition.
Analysis of this case must start with the observation that there are six distinct, though related, party positions involved here, and not one. There are three separate positions with the identical title of delegate, and three separate positions with the identical title of alternate delegate. The facts that these positions have the same title, and are elected from the same political unit, do not make them something other than separate offices.
*510 This case is therefore indistinguishable from those cases in which candidacies for several unrelated offices are advanced on the same petition. It is quite common, for example, to find one petition supporting separate candidacies for offices such as State Senator, member of the Assembly, and district leader. It is very nearly as common to find a challenge being made to the validity of the signatures as they relate to a candidate for one office, for the Assembly, for example, and not the others. This situation is generally deemed to be of so little consequence that it has never been reported in the decisions, even though it clearly has occurred numerous times.
Petitioner seeks to buttress his position by referring to certain language in the statute, which speaks of challenges to the “petition” and to “candidates” or “individuals”. (Election Law, § 6-154, subd 2; see, also, Rules of State Bd of Elections, 9 NYCRR 6204.1.) He argues from this that the objections must be made to the designating petition as a whole, including all persons sought to be designated by it, or else they are fatally defective. Respondent-objector points to certain other language in the Rules of the Board of Elections, made pursuant to section 6-154 of the Election Law, referent to the filing of objections. These rules speak of objections to “petitions”, but also require the objector to specify “the candidate objected to.” Clearly, the rules of the Board conceive of a designating petition as being severable with respect to each of the candidates named in it, and further conceive of the possibility of a given signature being challenged and possibly invalidated, as to one candidate only, while remaining unchallenged and hence presumptively valid as to the other candidates.
It has been held that petitions are severable to the extent that defects which affect one candidate need not invalidate the petition as to another candidate. (.Matter of Amalfitano v Sadowski, supra.) In the court’s opinion, this severability is implicit in the plan of the Election Law, and extends to the situation here. To hold otherwise would be to work great mischief to the orderly designation of candidates for public and party office. The logical result of petitioner’s position would be a requirement that a prospective objector make his objections not only as to the particular candidate *511 who concerned him, but also as to every other candidate on the same petition. This would geometrically increase the number of candidates challenged and would likewise result in a geometrical increase in the number of election cases brought before the courts. The concomitant disruption to the elective process can readily be imagined. To avoid this, every candidate would have to employ a separate petition, which would make the process of gathering signatures insufferably unwieldy.
Furthermore, if the court were to rule that the objections should have been raised as to all candidates, the result would not be free from anomaly and contradiction. This court could not, for example, simply deem the objections to have been made as to all candidates, since the time limit for making such objections is jurisdictional and strictly construed (Scibilia v Northrup, 45 AD2d 946, affd 34 NY2d 963) and has long since passed. On the other hand, it would be unfair to dismiss the objections as improper in form, as petitioner urges the court to do, since the respondent-objector complied with the letter of the law and the applicable rules of the Board.
There are, to be sure, things to be said in favor of petitioner’s position. It is in a very real sense an absurd result for one candidate to be ruled off the ballot because a number of his signatures are examined and found to be invalid, while another candidate is able to count the very same invalid signatures as valid and stay on the ballot, merely because no one has come forward to challenge him. In the technical world of the Election Law, however, outcomes frequently turn on strictly construed niceties of content and timing. (Matter of Hutson v Bass, 54 NY2d 772; Matter of Alamo v Black, 51 NY2d 716; Matter of Higby v Mahoney, 48 NY2d 15.) It would seem that this result has been tolerated without comment many times in the past. In this case, the incongruity is simply made more manifest.
The court holds, therefore, that it is permissible for an objector to make objections to less than all of the candidates named on a given designating petition. Thus, the objections and specifications filed by the respondent-objector were proper in form, and the Board acted properly in *512 accepting them for filing and in proceeding upon them to examine the designating petition as to petitioner only and not the other candidates.
The court has appointed David H. Rosen, Esq., the court’s Law Secretary, as referee to hear and report as to the correctness of the Board’s determination of the validity of the signatures on the petitioner’s designating petition. The oath was administered in the presence of the parties and all stipulated to dispense with the written filing of the oath.
The court accepts the findings of the referee, that there were a total of 68 signatures erroneously invalidated by the Board of Elections. Since the total number of valid signatures is still only 1,061, the designating petition is invalid and this petition is dismissed.