In the Matter of CECIL C. HOLMES, Respondent, against UNITED MUTUAL LIFE INSURANCE COMPANY, Appellant.

First Department, October 25, 1955.

*Francis R. Stoddard (Jawn A. Sandifer* with him on the brief), for appellant.

*Joseph C. Morris (Egbert A. Craig, Jr.,* with him on the brief), for respondent.

BOTEIN, J. Petitioner, who was the secretary and a director of appellant life insurance company, was removed from both those posts by action of the board of directors. He brought a proceeding pursuant to article 78 of the Civil Practice Act to review and annul these determinations, claiming that they were animated solely by his activities on behalf of an independent slate of candidates filed in opposition to the administration directors and officers. It is contended that the removals were illegal, since subdivision 33 of section 198 of the Insurance Law prohibits any officer of a life insurance company from compelling or coercing any officer, agent or employee to support any candidate or list of candidates. Special Term sustained the contentions of petitioner and, finding without a hearing that the acts complained of were in violation of the statute, vacated and annulled them and directed petitioner's reinstatement as secretary and director.

The by-laws of the company (approved by the Superintendent of Insurance) provide that the secretary, among other officers, shall be elected by the board of directors and "shall continue to hold his office at the discretion of the Board of Directors". Separate and apart from his support of an opposition ticket, petitioner's conduct was such as would amply justify his removal as secretary pursuant to this by-law.

Admittedly, while serving as secretary, petitioner issued statements to newspapers in which he spoke disparagingly of his fellow officers. In one he called the president of the company a puppet. Petitioner's handwriting appeared on a number of policyholders' requests to the Insurance Department that the company be required to file the names of policyholders. These requests evidently conveyed implications of dissatisfaction with the management of the company. Petitioner at first denied any connection with the requests, denied the handwriting was his and later, after a noted handwriting expert was engaged, withdrew these denials. He was openly defiant of the board and of his fellow officers when questioned on matters relating to the conduct of his office of secretary. Appellant also asserts that petitioner's work habits were bad and that his abilities were of an inferior order. Certainly the board had good reason to believe that the other officers could not function efficiently with a secretary who had traduced and flouted them and in whose reliability they had lost confidence.

Upon these undisputed facts it would appear that petitioner's removal as secretary was not an abuse of the discretion lodged with the board of directors under the by-laws. "The directors convened as a board are the primary possessors of all the powers which the charter confers" (*Hoyt* v. *Thompson's Executor,* 19 N. Y. 207, 216). The power to elect and remove petitioner, so explicitly granted to the board of directors, gains fuller dimensions when viewed in the frame of the abundant, almost plenary powers possessed by directors in the management and regulation of corporate affairs (*Beveridge* v. *New York Elevated R. R. Co.,* 112 N. Y. 1, 22; *Leslie* v. *Lorillard,* 110 N. Y. 519, 536). "Directors are the exclusive, executive representatives of the corporation and are charged with the administration of its internal affairs and the management and use of its assets" (*Manson* v. *Curtis,* 223 N. Y. 313, 323; see, also, *Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113; *Clark* v. *Dodge,* 269 N. Y. 410, 414, 415; 2 Thompson on Corporations [3d ed.], § 1276; 2 Fletcher's Cyclopedia Corporations [Perm. ed.], § 513, and General Corporation Law, § 27).

Petitioner as secretary was a member of a team of officers designated by the board and charged with intimate control of the day-by-day functioning of the company. His conduct evidently reached a point at which the board had reason to believe that his continuance in office would impair the efficient administration of the company's business; and in removing him the board acted well within the grant of authority given it under the by-laws.

It is not so clear from a reading of the papers that the board had the right to remove petitioner from his position as a director. The by-laws provide that a director may be removed by the board of directors for, among other reasons — and the reason assigned for petitioner's removal — "Conduct which in the opinion of the Board is prejudical to the interest of the Company". Directors of the company are elected by the policyholders. The power of directors to remove another director elected by the same constituents should be granted in definite terms and should be exercised for grave derelictions; and it should be circumscribed and guarded jealously against abuse (*Matter of Auer* v. *Dressel,* 306 N. Y. 427, 433; *Cuppy* v. *Stollwerck,* 216 N. Y. 591, 596; *Raub* v. *Gerken,* 127 App. Div. 42, 44; *People ex rel. Manice* v. *Powell,* 201 N. Y. 194; *Abberger* v. *Kulp,* 156 Misc. 210; General Corporation Law, § 14, subd. 5; 7 White on New York Corporations [12th ed.], § 8.16; 2 Fletcher's Cyclopedia Corporations [Perm. ed.], § 357). However, appellant is an insurance corporation with 60,000 widely dispersed policyholders who cannot be summoned to act with dispatch in the event of misfeasance by a director requiring quick action; and perhaps this circumstance would justify their reposing general and comparatively unspecific power in the board of directors to remove a delinquent fellow director. In any event, a court reviewing petitioner's removal judicially will inquire primarily into the gravity of the actual grounds assigned for removal.

There is good reason for the difference in the standards to be applied in the removal of a secretary and in the removal of a director. As secretary petitioner was an appointee of the board, accountable to it for the role assigned to him in the efficient implementation of its policies. But as director he was a member of the policy-making, governing group, exercising on behalf of the policyholders the original delegation of powers conferred on the corporation by the State. An incomplete analogy might be drawn in the difference between the norms that should control the removal from office of an appoin-

tee of an elected body of legislators, and those that should apply to the removal of one of the legislators himself.

Conceivably, therefore, a director elected by stockholders may properly engage in a course of conduct which, if pursued by a secretary, would warrant the latter's removal. But there is no way of gauging the propriety of petitioner's conduct as a director from the welter of charges, countercharges and recriminations in the papers on this appeal.

Therefore, ordinarily a hearing would be indicated, pursuant to the provisions of section 1295 of the Civil Practice Act for trial of the issues of fact relating to the propriety of petitioner's removal as a director. However, it appears that subsequent to the filing of the order appealed from at Special Term an election was held and directors elected to serve for the current term. The results of this election have not as yet been announced by the Superintendent of Insurance. Petitioner was a candidate on both the administration and the insurgent tickets, and may have been re-elected as a director. Even if not re-elected, or if the election is nullified, the term of the office from which petitioner has been removed has expired. At best he could hope to win reinstatement for a precarious holdover period until the election results are announced. It may appear that no useful purpose could be served by engaging in what would be protracted, costly and probably acrimonious litigation about petitioner's rights to hold a position the term of which has expired.

The order appealed from should be reversed and the petition seeking petitioner's reinstatement as secretary dismissed. The second petition, seeking his reinstatement as a member of the board of directors, should be remanded to Special Term, for reconsideration and determination in accordance with the foregoing and with due regard to the present circumstances of the parties involved.

PECK, P. J., BREITEL, RABIN and COX, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the petition seeking petitioner's reinstatement as secretary dismissed. The second petition, seeking his reinstatement as a member of the board of directors, remanded to Special Term, for reconsideration and determination in accordance with the opinion herein and with due regard to the present circumstances of the parties involved. Settle order on notice.