Walter R. Hart, J.
Petitioner in this article 78 proceeding seeks an order directing the respondent corporations to permit him to inspect the corporate books and records set forth in the order to show cause.
The technical objection raised, that the proceeding was improperly instituted as personal service was not made upon an officer of the respondent corporations but made upon the Secretary of State, is untenable. Sections 5 and 24 of the Stock Corporation Law specifically provide that upon the formation *502 of a business corporation or where the corporation was formed prior to January 1, 1935, that the Secretary of State be designated as the agent of the corporation upon whom process in any action or proceeding may be served. Section 25 of the Stock Corporation Law provides for the manner of service. Subdivision 9 of section 228 of the Civil Practice Act, relating to personal service of a summons upon a domestic corporation, provides that the service may be made pursuant to the provisions of the Stock Corporation Law. The presumption that the respondents were incorporated pursuant to the provisions of section 5 of the Stock Corporation Law has not been overcome by any proof submitted by the respondents and, accordingly, the service was proper.
The petitioner being a director of all the respondent corporations, he has an absolute and unqualified right to such inspection. (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119; Smith v. Republic Pictures Corp., 144 N. Y. S. 2d 142, affd. 286 App. Div. 1000, motion for leave to appeal denied 286 App. Div. 1089.) Under the circumstances, the motion is granted. Settle order on notice.