■ (A) GEORGIA C. NICHOLAS et al. v. CHAIM LUKOWSKI. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ. (B) FRED G. HEYDT CONSTRUCTION Co., INC. v. BARNEY UYDESS et al. Concur — Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ.— [In each action] Motion for a stay denied, with $10 costs.

■ WILLIAM SCHNEIDER v. SOPHIA POLLAND.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before May 17, 1962 with notice of argument for the June 1962 Term of this court, said appeal to be argued or submitted when reached. Respondent's points are to be served and filed on or before May 31, 1962. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ In the Matter of ADA B. STORM, Deceased. OTTO HANSEN; CLARA Y. HILDRETH et al.— (A) Motion for reargument and resettlement denied without prejudice to an application, if necessary, for an extension of time to prepare and file respondent's points. (B) Motion for resettlement denied, without prejudice to an application, if necessary, for an extension of time to prepare and file respondents' points. (C) Motion for reargument denied [four decisions]. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ In the Matter of LEON R. EDELSTEIN, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.— Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondents. The finding of respondents that petitioner, a real estate broker, acted in pursuance of his own undisclosed interests while also undertaking to act for a client is supported by substantial evidence. The suspension of his license for 60 days is reasonable. The further condition that suspension continue until the petitioner shall have reimbursed the fee collected by him in this transaction, seems, in the special circumstances of this case, also to be reasonable. Although no specific power to require, as a condition of ending a suspension, the repayment of a fee is to be found in the words of the statute (Real Property Law, § 441-c), the Department of State has by necessary implication the incidental power to impose reasonable conditions upon the reinstatement of a suspended license. Conditions which might have no bearing on the broker's activities within the area of the department's official supervision and control could not be imposed. But such a condition as this, that the broker repay the fee taken by him on the very transaction for which he has been disciplined, lies well within the area of control of licensees by the department and seems a reasonable incident to the power to suspend the license. Concur — Botein, P. J., Breitel, Rabin, McNally and Bergan, JJ.