John E. Cone, Jr., J.
In this article 78 proceeding the petitioner, a member of the board of directors of the respondent, seeks an order directing the respondent to permit the inspection and the making of copies by the petitioner of the minutes of the board of directors and the report of its executive director made at such meeting held on September 30, 1963, the report of Dr. Abramson made by him at the medical board meeting of October 28, 1963, the affidavit of Dr. Custodio, as well as the *428 charts and records of the patients who submitted to the subject tests. In addition, by affidavit dated February 6, 1964, the petitioner enumerates other records that he demands access to.
It appears undisputed that the respondent, as a result of this application, has furnished the petitioner with the minutes of the board of directors, the report of the executive director and the report of Dr. Abramson, as well as the affidavit of Dr. Custodio, but refuses to turn over to the petitioner the charts and records of the patients without the consent of such patients as being precluded under subdivision (a) of section 4504 of the Civil Practice Law and Rules.
The court, in making its present determination, is not passing upon the merits of the alleged improper acts or upon the technical aspects of the tests given to the patients of the respondent. It is merely called upon to determine the narrow issue as to the right of a member of the board of directors to obtain an order permitting an inspection and the making of the copies requested.
It is the well-established law of this State that a director has an absolute and unqualified right to the inspection of the corporate records regardless of his motives. (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119; Smith v. Republic Pictures Corp., 144 N. Y. S. 2d 142, affd. 286 App. Div. 1000, mot. for iv. to opp. den. 286 App. Div. 1089; Matter of Weiss v. Samnat Pacific Corp., 5 Misc 2d 501.)
The basis for this premise taken by our courts is aptly stated by the court in Matter of Cohen v. Cocoline Prods, (supra, p. 123): “In order properly to perform his directing duties, a corporate director must, of course, keep himself informed as to the policies, business and affairs of the corporation, and as to the acts of its officers. He owes a stewardship obligation to the corporation and its stockholders, cmd he may be subjected to liability for improper management during his term of office. Because of these positive duties and potential liability, the courts of this State have accorded to corporate directors an absolute, unqualified right, having its roots in the common law, to inspect their corporate books ”. (Emphasis supplied.)
As stated in Matter of Holmes v. United Mut. Life Ins. Co. (286 App. Div. 500, 502, affd. 2 N Y 2d 1001): “ ‘ Directors are the exclusive, executive representatives of the corporation and are charged with the administration of its internal affairs and the management and use of its assets.’ ” (Emphasis supplied.)
It is further axiomatic that the principle heretofore outlined is applicable with the same force and effect to a director of a membership corporation. (Matter of Davids v. Sillcox, 297 *429 N. Y. 355; Matter of Martin, 224 N. Y. S. 2d 972; Matter of Pino v. United Democratic Regular Organisation, 195 N. Y. S. 2d 860.)
In the Law of Hospital, Physician and Patient, Hayt, Hayt & G-roesehel (pp. 651-655) the authors made the following observations relative to the inspection of such records, including the charts of patients: A “ medical record is the property of the hospital, but is kept for the benefit of the patient, the physician, and the hospital.” “ By its very nature, the patient’s medical record is an instrument which concerns not only the patient, but other persons as well. It must therefore be accessible to all those who have a legitimate interest in its contents.” “ Consent of the patient is not necessary when the record is used in the hospital for the common good.’’’ (Emphasis supplied.)
It is the court’s opinion that the disclosure to the petitioner in his capacity as a member of the board of directors, is a disclosure to a member of the administration with a legitimate interest in its contents. His examination of the hospital records, as well as the patients’ charts, would not constitute a disclosure to outsiders or strangers or to an investigative body or to the public in a judicial proceeding, as expounded in the authorities submitted by the respondent. It would not be such a disclosure as would violate subdivision (a) of section 4504 of the Civil Practice Law and Rules.
Accordingly, the petition is granted as to the items requested except as to Item 8 set forth in the affidavit of the petitioner sworn to February 6, 1964 which is modified by deleting the words, ‘ ‘ the list by names and address of officers of all affiliated organizations,” and, as modified, allowed. The petition is further granted on condition that the records requested and information sought are in the possession of the respondent and subject to its control.