■ In the Matter of CARDINAL PONTIAC, INC., Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, which, after a hearing, revoked the petitioner's automobile dealer registration and motor vehicle inspection station licenses. Determination modified, on the law, by reducing the penalties imposed to 20-day suspensions of the petitioner's automobile dealer registration and motor vehicle inspection station licenses. As so modified, determination confirmed, without costs or disbursements, and proceeding otherwise dismissed on the merits. While there was substantial evidence in the record to support the finding that the petitioner was guilty of misconduct, the penalty imposed was " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Latham, J. P., Hawkins and Mollen, concur; Shapiro, J., concurs in the finding that the determination under review was supported by substantial evidence, but otherwise dissents and votes to confirm the determination as to the punishment imposed, with the following memorandum: The petitioner pled guilty to the crime of grand larceny. The basis of the charge was that, acting through its duly authorized employee, it had turned back an odometer reading on an automobile which it sold to a customer. By the determination here reviewed, the respondent concurred in the recommendation of the administrative appeals board to affirm the decision of a referee (made after an administrative hearing) which found that petitioner had violated the regulations of the Commissioner of Motor Vehicles of the State of New York (15 NYCRR 78.13 [a] and 79.14 [a] [3]). The petitioner's automobile dealer registration and inspection station certificates were thereupon revoked pursuant to the provisions of section 415 (subd 9, par g) of the Vehicle and Traffic Law. The latter subdivision provides: "9. Suspension, revocation and refusal to issue or to renew a registration. The commissioner or any person deputized by him may deny the application of any person for registration under this section and suspend or revoke a registration under this section or refuse to issue a renewal thereof if he or such deputy determines that such applicant or registrant or any officer, director, stockholder, or partner, or any other person directly or indirectly interested in the business: * * * g. Has been convicted of any crime involving dishonesty or deceit". 15 NYCRR 79.14 provides: "79.14 Revocation and suspension of official inspection station licenses, certified motor vehicle inspectors certificates and specialized certified motor vehicle certificates. (a) An official inspection station license may be suspended or revoked or renewal thereof may be refused by the commissioner on one or more of the following grounds: * * * (3) Conviction of a crime involving moral turpitude, or other cause which would permit disqual-

ification from receiving a license upon the original application." In a proceeding of this kind the jurisdiction of this court, when dealing with the question of punishment, is severely limited by the applicable decisions of the Court of Appeals, which have time and again reminded us that we may not set aside or otherwise interfere with punishment or discipline imposed by an administrative agency unless it is so disproportionate to the offense, in the light of the applicable circumstances, as to be shocking to one's sense of fairness (see, e.g., *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of O'Connor v Frank,* 38 NY2d 963; *Matter of SMC Employers Corp. v Workmen's Compensation Bd.,* 39 NY2d 960; *Kostika v Cuomo,* 41 NY2d 673). In *Kostika (supra),* decided by the Court of Appeals as recently as May 5, 1977, the Court of Appeals, in reviewing a judgment of the Appellate Division which modified the punishment imposed, said (pp 676-677): "Where, as here, the administrative agency's determination is based upon substantial evidence, the penalty imposed is a matter of discretion to be exercised solely by the agency. Of course, this discretion is not to be completely unfettered. As we noted in *Matter of Pell v Board of Educ.* (34 NY2d 222, *supra)* it has long been settled in our State's jurisprudence that a fine or penalty imposed by the administrative agency is not to be disturbed unless it is clearly disproportionate to the offense and completely inequitable in light of the surrounding circumstances. Thus, the 'shocking to one's sense of fairness' test was developed in the case law. * * * Applying these guidelines to the case now before us, the conclusion is inescapable that the penalty imposed by the Secretary of State should have been allowed to stand. It cannot be gainsaid that the public at large has an interest in being protected from unreliable and untrustworthy real estate brokers engaging in somewhat less than arms-length and honorable sales practices. The responsibility for effectively providing that protection has been delegated to the Secretary of State (see *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256). Accordingly, the secretary must be accorded broad discretion in imposing penalties designed to safeguard the public interest and discourage real estate brokers from engaging in shadowy practices *(Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256, *supra;* see *Matter of Barlow v Lomenzo,* 49 AD2d 160; *Matter of Diona v Lomenzo,* 26 AD2d 473; *Matter of Edelstein v Department of State,* 16 AD2d 764)." The limited nature of this court's jurisdiction to review questions of punishment, as thus defined by the Court of Appeals, acts as a strait-jacket upon the action which we may take and may well, in some cases, bring about what we consider to be an unjust result; but unless it can be found *as a matter of law* that the punishment is excessive, we must, if we are to follow the strictures of our superior court, sustain the action of the agency involved. In this case the punishment imposed by the respondent was indeed harsh, but I cannot say that one could not reasonably hold that the respondent's determination, designed, as it was, to protect "the unwary purchaser from being over-reached or defrauded" (cf. *Kostika v Cuomo, supra,* p 677) by an unscrupulous automobile dealer, is shocking to one's sense of fairness, particularly where that finding is buttressed by the dealer's plea of guilty to a felony involving the very subject matter of its license to operate. I therefore conclude, albeit reluctantly, that the respondent's determination should be confirmed since the punishment cannot be said to be excessive as a matter of law.