■ ROBERT S. INSALACO et al., Respondents, v LOCAL 2060, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, Appellant.—Order affirmed, without costs (see *Ballas v McKiernan,* 35 NY2d 14). All concur, except Callahan, J., who dissents and votes to reverse the order and deny the motion, in the following memorandum.

Callahan, J. (dissenting). I respectfully dissent and vote to reverse. Defendant Local 2060, American Federation of State, County and Municipal

Employees, AFL-CIO (the Union), has appealed from an order of the Supreme Court at Special Term, Erie County, which granted plaintiffs' motion for a preliminary injunction staying an internal Union trial in which plaintiffs were charged with supporting a decertification action. In my view Special Term erred in summarily granting the preliminary injunction. Preliminary injunction is a drastic remedy to be sparingly used. Before granting such relief the moving party must demonstrate: (1) the likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of equities favors his position *(Gambar Enterprises v Kelly Servs., 69 AD2d 297, 306; Town of Porter v Chem-Trol Pollution Servs., 60 AD2d 987, 988).* While plaintiffs may have made a prima facie showing of a right to relief so as to meet the requirement that they demonstrate the likelihood of ultimate success on the merits *(Tucker v Toia, 54 AD2d 322, 325),* there is a total failure by plaintiffs to show irreparable injury. Generally courts should not interfere with the internal affairs of a labor union absent a showing of fraud or substantial wrongdoing *(Matter of Gilheany v Civil Serv. Employees Assn., 59 AD2d 834, 836).* Absent such circumstances, a court should refrain from interfering with an internal union trial to determine whether plaintiffs are or are not members in good standing within the association which they voluntarily joined. Plaintiffs' attempt to repudiate the Union which they voluntarily joined, by circulating decertification petitions demonstrates that loss of membership in defendant Union is of no significance to them. Consequently, disciplinary actions, including possible suspension or expulsion from membership in the Union, can hardly be viewed as resulting in irreparable injury to them. In this case there is no allegation that any prospective disciplinary action by defendant Union will, in any fashion, affect plaintiffs' terms and conditions of employment or their right to fair representation by the Union in the future. Once designated as the bargaining agent, defendant Union has an obligation under the Public Employees' Fair Employment Act to negotiate wages and terms and conditions of employment for all employees within the unit, including the plaintiffs. It does not, however, have any obligation to maintain them as Union members, nor do plaintiffs have any obligation to remain as Union members, except by virtue of a contractual relationship that they voluntarily entered into with the Union with which they are now disaffected. (Appeal from order of Erie Supreme Court—preliminary injunction.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.