■ In the Matter of JOSEPH L. BEIRNE, Doing Business as LIBERTY REALTY COMPANY, Petitioner, v BASIL A. PATERSON, as Secretary of State of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Secretary of State which suspended petitioner's real estate broker's license. Petitioner Beirne is licensed as a real estate broker in New York State, doing business as Liberty Realty Company. A complaint was lodged against him, charging that while acting as an agent on behalf of William-Stuart Associates, a partnership involved in the development of a real estate subdivision located in the Town of Colchester, petitioner misled purchasers of lots therein by falsely representing to them that a new road would be built in a very short time on the subdivision, affording them easier access to their properties. The statements were made to induce them to buy the lots which were located on mountainous and heavily forested terrain. At the hearing, witnesses Savoie and Zarcone (purchasers of two of the lots in question) testified that petitioner told them at the real estate closings on their lots that the road to their respective properties would be shortly improved and that the town would eventually take the road over. Another purchaser, Guadagnino, testified that he was told by Beirne that the road would be made passable by cars. Petitioner denied giving any of the assurances claimed by the witnesses. He testified that the promises he made dealt only with filling in of washed-out areas of the road or soft spots, all of which was done. The hearing officer found that Beirne had assured the purchasers that they would have access to their property by way of an improved road which would eventually be dedicated to and be taken over by the Town of Colchester. He found that Beirne committed fraud on the purchasers and demonstrated incompetence and untrustworthiness in his dealings with the buyers of the lots. His license was thereupon ordered suspended until such time as he provided proof satisfactory to the Department of State that all requirements for dedication of roads within the subdivision had been met and that said roads had been offered for dedication. Petitioner contends that the findings of the hearing officer were not supported by substantial evidence. The resolution of the question of credibility arising from conflicting testimony given at the hearing is in the province of the trier of facts. Judicial review in such an instance is limited. As was noted in *Matter of Pell v Board of Educ.* (34 NY2d 222, 230) regarding reviews in article 78 proceedings, " ' "the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is 'substantial evidence' " ' " (citations omitted). We cannot say here that the findings of fact are not supported by substantial evidence. Petitioner contends also that the penalty conditions imposed upon him by the Department of State are unreasonable and not within the department's official province and area of control. The department has broad power to revoke the license of a real estate broker or suspend it for whatever period the department may deem proper after a finding of fraud or demonstrated untrustworthiness (see Real Property Law, § 441-c). By implication, the Department of State has incidental power to impose reasonable conditions upon reinstatement of a suspended license, and can, accordingly, properly impose conditions on reinstatement. Such a power is not, however, unlimited but rather must be restricted by a requirement that the conditions imposed be reasonable and that they relate to the broker's professional activities as to matters which are within the department's province and area of control (*Matter of Edelstein v Department of State of State of N. Y.*, 16 AD2d 764). The conditions imposed here are unreasonable. It is uncontested that Beirne neither owns nor has control over the road in question. He is, therefore, unable

to legally conform to the imposed conditions. The evidence also disclosed that to prepare a road for dedication would cost approximately $75,000 a mile. The roadway here is some three and one-half miles long. The costs involved are so prohibitive as to be entirely out of line with the moneys realized by petitioner in commissions. The suspension would constitute, in fact, a permanent loss of license for what is an initial transgression on petitioner's part. We therefore find the conditions to be unreasonable and disproportionate to the offense. Accordingly, the penalty should be annulled and the matter remitted to respondent for reconsideration of the penalty to be imposed. We find petitioner's other claims as to an alleged defect in the notice of charges to be without merit. Determination modified by annulling the penalty imposed on petitioner, and matter remitted to respondent for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J., concurs in part and dissents in part in the following memorandum. Kane, J. (concurring in part and dissenting in part). I agree with the majority that the determination is supported by substantial evidence. However, under the circumstances of this case, I would not find the penalty of revocation "shocking to one's sense of fairness" (see *Barbarita v Cuomo,* 57 AD2d 939, mot for lv to app den 42 NY2d 1060). Consequently, even if, as the majority suggests, the penalty imposed is tantamount to revocation, it should not be disturbed.