■ In the Matter of WILLIAM H. HALL, Petitioner, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent. (Proceeding No. 1.) In the Matter of WILLIAM WEISSMAN, Petitioner, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent. (Proceeding No. 2.) — Proceedings pursuant to CPLR article 78 (transferred to this court by orders of the Supreme Court at Special Term, entered in Albany and Delaware Counties) to review determinations of respondent which suspended petitioners' real estate broker's licenses. The instant proceedings are closely related factually and for that reason will be considered together by this court. Petitioner William H. Hall and petitioner William Weissman are each real estate brokers duly licensed by the State of New York, and they together with others formed a partnership under the name of William-Stuart Associates which was engaged in the sale of land known as the Baxter Mountain subdivision and owned by the partnership in the Town of Colchester, Delaware County. One Joseph L. Beirne, also a licensed real estate broker, was employed by the partnership to act as its agent in the sale of the subject property (see *Matter of Beirne v Paterson*, 86 AD2d 947), and several lots from the property were in fact sold during 1977. Subsequently, the activities of petitioners with regard to these sales were brought into serious question, and following hearings petitioner Weissman was found to have committed fraud and demonstrated incompetence and untrustworthiness in his dealings with the purchasers of the lots while petitioner Hall was likewise found to have been guilty of fraudulent practices and to have demonstrated untrustworthiness and incompetence in relation to the land sales. These determinations were based upon false assurances given to the purchasers of the lots to the effect that there would be an improved road dedicated to the town in the Baxter Mountain subdivision, when actually such improvements were not planned and have not taken place. As a result of the determinations, respondent Secretary of State suspended the real estate broker's licenses of each of the petitioners, pursuant to section 441-c of the Real Property Law, until such time as each of them respectively provides satisfactory proof to the Department of State that all requirements for the dedication of roads within the Baxter Mountain subdivision to the Town of Colchester have been met and that the roads have been offered for dedication. Petitioners now seek review of these determinations, and we initially find without merit their contention that they received insufficient notice of the charges against them with the result that they were deprived of a reasonable opportunity to defend themselves. From the records of the proceedings herein, it is apparent that petitioners fully participated at the hearings and were in no way prejudiced by the notices they received (cf. *Matter of Rustine v Paterson*, 82 AD2d 969). Similarly, there is substantial evidence in the records to support respondent's findings as to petitioners' conduct. In addition to testimony that Joseph L. Beirne, the agent of the partnership, had falsely assured the purchasers of the lots that they would have access to their properties over an approved road dedicated to the town, there was further evidence that petitioner Weissman made similar affirmative misrepresentations. Although there was no evidence

of such misrepresentations by petitioner Hall, there is testimony indicating that he was aware of the expectations of the purchasers regarding the road and that he had reason to know that these expectations were reasonable and based upon the assurances of petitioner Weissman and the agent Beirne, and yet he took no corrective action but rather acquiesced in the fraudulent acts of Beirne and petitioner Weissman and accepted his share of the proceeds from the sales. Given these circumstances, together with other evidence tending to exonerate petitioners, issues of credibility were presented, and respondent's resolution thereof, being supported by substantial evidence, should not be disturbed (cf. *Matter of Rustine v Paterson, supra*). As to the penalties received by petitioners, however, we find that they cannot be sustained. The sanctions adopted by respondent were obviously an attempt by him to require petitioners to specifically perform the promises which had been made to the purchasers of the lots, and in our judgment such matters should best be left to actions by individual purchasers who may have been harmed by petitioners' conduct, particularly since petitioners have no control over the requirements to be met for the dedication of roads in the subdivision. Accordingly, the penalties in each case should be annulled and the matters remitted to respondent for reconsideration of the penalties to be imposed (see *Matter of Beirne v Paterson,* 86 AD2d 947, *supra*). Determinations modified, by annulling the penalties imposed on petitioners, and matters remitted to respondent for further proceedings not inconsistent .herewith, and, as so modified, confirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.