OPINION OF THE COURT
Thomas F. McGowan, J.
Defendant New York State Nurses Association (NYSNA) moves to dismiss this declaratory judgment action pursuant to CPLR 3211. The only significant ground of the several advanced in support of the motion is that the complaint fails to state a cause of action. Defendant has submitted a 21-paragraph affidavit together with numerous exhibits. Plaintiff, in addition to his verified complaint, has submitted an affidavit in opposition to the motion. “When evidentiary material is considered [on a CPLR 3211 (subd [a]) motion], the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one” (Guggenheimer v Ginzburg, 43 NY2d 268,275).
Plaintiff alleges in substance that on or about December 7, 1983, NYSNA found him guilty of the charge that he engaged in conduct detrimental and injurious to the Association and its purposes. The discipline imposed, though not carried out, was expulsion. The essential facts found after a NYSNA hearing were that during the period May 31, 1983 through July 5, 1983, while serving as an officer of the Association’s Council of Nursing Practitioners at *694 Erie County Medical Center, plaintiff sought to decertify NYSNA and replace it with a rival employee organization as the exclusive agent for purposes of collective bargaining. In this action, plaintiff does not dispute that the NYSNA constitution or by-laws provide for the expulsion of members under certain circumstances, that the enumerated specifications adequately support the charge against him, that such specifications were proven at a hearing and that such hearing was fair.
Plaintiff contends that the right to decertify an incumbent union and to certify another union in its place is specifically provided for pursuant to section 208 (subd 1, par [a]) of the Civil Service Law. He argues that “[t]he support of a rival union is a legitimate expression of a member’s dissatisfaction with an incumbent union and involves exercise of a right of the individual union member which cannot be abridged irrespective of an explicit provision of the union constitution or by-laws to the contrary”.
As a general statement of the law, the above-quoted principle has found support in New York (see Ballas v McKiernan, 35 NY2d 14; Insalaco v Local 2060, 77 AD2d 813). The court in Balias construed Federal statutes substantially similar to section 202 of the Civil Service Law which gives public employees in New York the right “to form, join and participate in * * * any employee organization of their own choosing” and section 209-a (subd 2, par [a]) of the Civil Service Law which makes it an unfair labor practice for an employee organization “to interfere with, restrain or coerce public employees in the exercise of the rights granted in section two hundred two”. On the other hand, the factual situation in the instant case differs from that in Balias in two important respects. First and foremost, the court there stressed that the member being disciplined by the union was not an officer of the incumbent organization: “[W]e do not reach and imply no view, as to the right, if any, of the union to enforce discipline against its officer members for joining and promoting a rival labor organization” (Ballas v McKiernan, supra, p 22, n 2). Secondly, the discipline imposed in Balias consisted of a fine rather than expulsion. The Balias court cited TriRivers Mar. Engrs. Union (United States Steel — Bucy) *695 (189 NLRB No. 108)* in support of its holding and noted further: “We are not unmindful of the decision in Sawyers v. Grand Lodge, I.A.M. (279 F. Supp. 747) in which the right of a union to expel an officer for dual unionism activities was upheld” (Ballas v McKiernan, supra, p 21, n 1; emphasis in original).
Though it appears that no New York court has dealt squarely with the issue presented here, the Public Employment Relations Board (PERB) has addressed the question. In Civil Serv. Employees Assn. (Michael & Samet) (13 PERB par 4523) the hearing officer ruled that expulsion of union officers for aiding a competing organization in a representation challenge was not an improper union practice pursuant to subdivision 2 of section 209-a of the Civil Service Law. As the agency charged with enforcing and, therefore, interpreting the statute, PERB’s construction should be accepted if not unreasonable (Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d 46). Certainly the cases dealing with similar Federal statutes (see, e.g., National Labor Relations Bd. v International Moulders & Allied Workers Union, 442 F2d 92; Sawyers v Grand Lodge, 279 F Supp 747; National Labor Relations Bd. v Local 3606, 212 NLRB No. 117, enforced Per Curiam 519 F2d 447; Tri-Rivers Mar. Engrs. Union [United States Steel — Bucy], 189 NLRB No. 108, supra; see, generally, Ann., 27 ALR Fed 316) provide a reasonable basis for PERB’s interpretation (cf. Matter of Saratoga Springs City School Dist. [New York State Public Employment Relations Bd.], 68 AD2d 202). And, while these Federal decisions applicable to the private sector are neither binding nor controlling precedent (Civil Service Law, § 209-a, subd 3), they are helpful (see Matter of Town of Clay v Helsby, 51 AD2d 200), particularly where the principle involved does not impact on problems peculiar to the public sector (see Jackson v Regional Tr. Serv., 54 AD2d 305; cf. Matter of Board of Coop. Educational Servs. v New York State Public Employment Relations Bd., 41 NY2d 753).
Likewise, general principles of fairness would dictate, at minimum, that a voluntary association such as a labor *696 union be permitted, as a matter of self-preservation (see Margolis v Burke, 53 NYS2d 157), to expel from its membership an officer who works to certify a rival union as the exclusive bargaining agent for the employees in the bargaining unit. This is true particularly where, as here, the continued employment of the individual is not conditioned on union membership (see Civil Service Law, § 202), and where the right to fair representation by the certified employee organization is guaranteed (Berlyn v Board of Educ., 80 AD2d 572, affd 55 NY2d 912; Menkes v City of New York, 91 AD2d 654), whether or not the individual is a union member (see Matter of Wald v Nassau Ch. Civ. Serv. Employees Assn., 72 Misc 2d 723). In addition, although the individual public employee has a First Amendment right, even apart from section 202 of the statute, to form, join or participate in a labor organization (see Lontine v VanCleave, 483 F2d 966) that right does not include a concomitant mandate that the organization retain a particular employee as a member (but cf. Civil Service Law, § 201, subd 5, par [b]). This is not to say, of course, that courts may not intervene where a member has been unfairly expelled from a voluntary association (see Matter of Ames v Central Oneida County Volunteer Ambulance Corps, 81 AD2d 1035; Insalaco v Local 2060, supra). The instant case, however, upon the facts alleged in the verified complaint and affidavit in opposition, does not call for such intervention.
Accordingly, the complaint is dismissed (CPLR 3211, subd [a], par 7).

 In Tri-Rivers, the NLRB concluded that the union violated Federal law by fining its member for soliciting signatures on authorization cards in support of a representation petition filed by a rival union, but that it committed no violation when it threatened to expel him.