■ JOHN F. SULLIVAN, Appellant-Respondent, v BOARD OF EDUCATION OF THE EASTCHESTER UNION FREE SCHOOL DISTRICT et al., Respondents-Appellants.—In an action, inter alia, to

recover damages for violations of 42 USC § 1983, the plaintiff appeals and the defendants cross-appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), dated January 21, 1986, which, *inter alia,* granted the defendants' motion to dismiss the complaint but allowed the plaintiff to replead the third, fourth and fifth causes of action.

Ordered that the order is affirmed, with costs to the plaintiff.

The plaintiff was suspended, with pay, from his tenured position as principal of the Eastchester High School on October 11, 1984 by the defendant Board of Education (hereinafter the board). His suspension was temporary pending a hearing pursuant to Education Law § 3020-a on the 33 charges in the statement of charges brought by the board against him.

Prior to the suspension, the board instigated an investigation of the plaintiff's activities. A letter dated July 27, 1984, from the board's attorney, the defendant Raymond Kuntz, to the board, indicated that it had been interested in bringing proceedings pursuant to Education Law § 3020-a against the plaintiff because the board had had philosophical differences with his educational stances. In this letter, Kuntz noted that the plaintiff's record was "replete with commendations of his work". The plaintiff alleged that due to the board's inability to remove him from his position upon the existing status of his record, the board engaged in a course of conduct designed to force him to resign. The plaintiff further alleged that the board falsified the instances of wrongdoing contained in the statement of charges against him, that it spread false rumors that he had been involved in an affair with an associate, that he had used student funds for his own benefit and that he had used his associates to perform work on his home during school hours.

In early August 1984, Kuntz had met with the plaintiff and told him that he should resign because it was likely that the board was going to bring charges against him. This meeting was memorialized in a letter from Kuntz to Charles Murphy, Superintendent of Schools, dated August 21, 1984. The plaintiff alleged that the board had used the threat of bringing falsified charges against him to coerce him into resigning from his tenured position. Through extensive media coverage and with the strong support of members of the community, the plaintiff attempted to have the actions of the board made public and scrutinized. However, the Commissioner of Education had denied the petition of the plaintiff's supporters for his reinstatement and for the removal of the board members on

the grounds that there had been no showing that the suspension of the plaintiff had been improper under Education Law § 3020-a.

Thereupon, the plaintiff instituted this action seeking $10,000,000 in damages for (1) deprivation of his liberty and property under the First and Fourteenth Amendments of the US Constitution in violation of 42 USC § 1983, (2) abuse of process for the sole purpose of harming his reputation and depriving him of his tenure, (3) publication of false and defamatory statements concerning his professional responsibilities, (4) intentional infliction of emotional distress, and (5) prima facie tortious conduct to coerce him to resign and to cause him economic harm.

The Supreme Court properly dismissed the first cause of action alleging violations of 42 USC § 1983 and the second cause of action sounding in abuse of process. It determined that the Education Law provided more than adequate procedural safeguards to satisfy the plaintiff's due process rights under the Fourteenth Amendment since he could not be removed from his tenured position before being given an opportunity to defend himself against the charges. We agree.

Moreover, we find that the defendants' mere infliction of a stigma upon the plaintiff's reputation, without any consequent deprivation of a tangible property interest such as employment, was insufficient by itself to invoke the procedural protection of due process under the Fourteenth Amendment (see, Paul v Davis, 424 US 693, reh denied 425 US 985). We further find that the plaintiff has failed to set forth the elements of a cause of action to recover for abuse of process (see, Curiano v Suozzi, 63 NY2d 113). The statement of charges against the plaintiff was used by the defendants for its proper and legitimate purpose of instituting a 3020-a proceeding to have the plaintiff discharged (see, Hornstein v Wolf, 109 AD2d 129, affd 67 NY2d 721).

However, the plaintiff has stated valid causes of action sounding in defamation, intentional infliction of emotional distress and prima facie tort, and the Supreme Court did not abuse its discretion under CPLR 3025 (c) by granting the plaintiff leave to amend his complaint as to these three causes of action. The complaint was rambling and verbose, but the papers and materials submitted by the plaintiff in support of his cross motion and in opposition to the dismissal motion supported his claims and may be included in his amended complaint. Moreover, the defendants have failed to allege that

they will be prejudiced by the amendment *(see, Murray v City of New York,* 43 NY2d 400, *rearg dismissed* 45 NY2d 966).

The defendants' contention that they are absolutely immune from prosecution for their allegedly libelous statements is correct only as to those statements which were made in the discharge of their quasi-judicial duties and within the scope of their authority *(see, Park Knoll Assocs. v Schmidt,* 59 NY2d 205; *Clark v McGee,* 49 NY2d 613; *Toker v Pollak,* 44 NY2d 211).* They were only entitled to a qualified privilege, and they must defend against a prima facie showing that the statements were made with malice, uttered outside the scope of their authority but in furtherance of their public or private duties *(see, Toker v Pollak, supra).* However, the statement of charges was absolutely privileged because it was essentially a pleading which initiated the quasi-judicial proceeding and was therefore within the scope of the board's quasi-judicial functions *(see, Toker v Pollak, supra; Wiener v Weintraub,* 22 NY2d 330).

Furthermore, the allegedly defamatory statements by the defendants which were not absolutely privileged are reasonably susceptible of a defamatory connotation and it is properly a matter for the jury to decide whether or not they were defamatory *(see, James v Gannett Co.,* 40 NY2d 415, *rearg denied* 40 NY2d 990; *Schermerhorn v Rosenberg,* 73 AD2d 276).

In addition, the plaintiff has adequately pleaded the elements of a claim for intentional infliction of emotional distress *(see, Freihofer v Hearst Corp.,* 65 NY2d 135) and for prima facie tort *(see, Curiano v Suozzi, supra; Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314).

Even though the plaintiff's original notice of claim was insufficient to satisfy the requirements of General Municipal Law § 50-e (2), the Supreme Court properly allowed him to serve an amended notice under General Municipal Law § 50-e (6) to provide greater specificity as to the claims sounding in defamation, intentional infliction of emotional distress and prima facie tort. We find that the defendants are not prejudiced by the amendment, since they had knowledge of the statements, inasmuch as they allegedly published them, and the ability to investigate the circumstances surrounding their making the statements *(cf., Kasachkoff v City of New York,* 107 AD2d 130, *affd* 68 NY2d 654; *see, Caselli v City of New York,* 105 AD2d 251).

Finally, the Supreme Court properly refused to strike the

purportedly privileged letters dated July 27, 1984 and August 21, 1984, because neither CPLR 4503 (a) nor General Municipal Law § 805-a (1) (b) provides for such relief once such documents have already been made public.

The remaining contentions of the defendants are without merit. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.