■ ALFRED COSTANZO et al., Appellants, v LONG ISLAND BOARD OF REALTORS, Respondent.—In a proceeding pursuant to CPLR article 78 to review an undated determination of the respondent Long Island Board of Realtors which found the petitioners to have violated article 3 of the National Association of Realtors Code of Ethics and imposed a fine of $500, the petitioners appeal from a judgment of the Supreme Court, Queens County (Bambrick, J.), dated September 23, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Carol Costanzo is a licensed real estate broker, the president of the petitioner Century 21 Chimes Realty, Inc., and the wife of the petitioner Alfred Costanzo, the company's secretary and treasurer. In September 1985 Mrs. Costanzo distributed fliers at a condominium development at East Moriches, Long Island, soliciting a rental for herself and her husband for the following summer season. The fliers, which had been taped to doors of the condominium units, represented the Costanzos as "business people" who owned their own business in Bayside, Queens. They did not mention that their business was real estate brokerage, or that they were brokers. Jacqueline Cramer, a real estate broker who had the condominium units under contract, filed a complaint with the respondent alleging, *inter alia,* that the Costanzos were purporting to rent or

purchase a unit for their personal use without stating that they were real estate brokers. A hearing was held before the Professional Standards Committee which subsequently dismissed charges that the Costanzos had interfered with Cramer's listings, but sustained a charge that the petitioners violated article 3 of the National Association of Realtors Code of Ethics by failing to inform the public that they were brokers in their solicitation notice. A fine of $500 was imposed.

The petitioners' contention that the complaint was directed solely at Carol Costanzo's alleged wrongdoing and improperly named Alfred Costanzo and Century 21 Chimes Realty as parties is without merit. The allegations in the complaint contemplated, *inter alia,* wrongful solicitation of real estate listings. Clearly, Carol Costanzo did not solicit listings solely on her own behalf, but on behalf of Century 21 Chimes Realty, Inc., of which she is president. The solicitation fliers stated that she and her husband sought a summer rental and possible purchase. Thus, he was also properly named in the complaint.

The notice given to the petitioners was adequate. The complaint described the substance of the acts complained of, thus informing the petitioners of the factual basis of the charges against them *(see, Matter of Mulford v Shaffer,* 124 AD2d 876). Moreover, the record demonstrates that the petitioners fully participated in the hearings and were not prejudiced by the notice received *(see, Matter of Hall v Paterson,* 86 AD2d 950). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.