■ Joseph G. Ennis, Respondent, v Board of Education of the Somers Central School District et al., Appellants. [670 NYS2d 322] —In an action to recover damages for defamation, deprivation of due process, tortious interference with contractual relations, and intentional infliction of emotional distress, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered March 31, 1997, as denied their motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defen-

dants' motion which was to dismiss the first cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff is the former Superintendent of Schools of the Somers Central School District and the defendants are the Board of Education of the Somers Central School District and its individual members.

In January 1993, after a controversy between the plaintiff and the defendants was reported in the press, the defendants passed a resolution stripping the plaintiff of much of his power. On May 4, 1993, formal charges were brought against him by the defendants, a Hearing Officer was appointed, and he was suspended with pay. However, in June 1994 the hearing on those charges was terminated, when the plaintiff's contract with the defendants expired, rendering the charges academic.

The instant action was commenced in April 1994. After issue was joined, the defendants moved for summary judgment. That motion was denied, but the plaintiff was granted leave to replead the first cause of action sounding in defamation. After service of the amended complaint, the defendants made the instant motion to dismiss pursuant to CPLR 3211 (a) (5) and (7). Their motion was denied and this appeal ensued.

The plaintiff's allegation in the amended complaint that the defendants made defamatory statements prior to and in conjunction with the passage in January 1993 of their resolution stripping him of much of his power is time-barred by the one-year Statute of Limitations governing causes of action sounding in defamation (*see,* CPLR 215 [3]). Although the action was commenced within one year following the promulgation of formal charges against the plaintiff in May 1993, we agree with the defendants that any cause of action based upon the publication of those formal charges to the public is barred by an absolute privilege (*see, Sullivan v Board of Educ.,* 131 AD2d 836, 839).

Since the Supreme Court previously ruled on the sufficiency of the second, third, and fourth causes of action, based upon papers submitted on the motion for summary judgment which are dehors this record, and from which the defendants did not appeal, it would be inappropriate to rule on the sufficiency of those causes of action pursuant to CPLR 3211, based upon the bare pleadings alone (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633). Accordingly, we decline to disturb the denial of relief pursuant to CPLR 3211 (a) (7) with respect to these causes of action.

The parties' remaining contentions are without merit. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.