In the Matter of DONALD W. BERICH, Appellant, v ITHACA POLICE BENEVOLENT ASSOCIATION, INC., Also Known as THE POLICE BENEVOLENT ASSOCIATION, INC. OF THE ITHACA POLICE DEPARTMENT, Respondent. [804 NYS2d 833]—

Rose, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered July 19, 2004 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner, a police officer employed by the City of Ithaca, was appointed as training coordinator for the City's Police Department. Respondent, the exclusive bargaining agent representing all officers in the Department, filed grievances against the City, claiming that petitioner's appointment violated their collective bargaining agreement. Respondent asked petitioner to voluntarily relinquish the unpaid position until its grievances were resolved. Petitioner declined, and respondent ultimately disciplined him by suspending him from membership for one year for conduct which it considered to be injurious to its interests. When petitioner commenced this CPLR article 78

proceeding seeking reinstatement, respondent moved to dismiss the petition for failure to state a cause of action. Supreme Court granted the motion, prompting this appeal.

To the extent that petitioner now contends that respondent's actions violated N-PCL 507 and 613, we note that he did not allege any such statutory violations in the petition or answering affidavit that were before Supreme Court, but instead raises them for the first time on appeal. As a result, they are not preserved for our review and we will not consider them (see *State of New York v Butti*, 304 AD2d 917, 918 [2003]; *Cahill v Harter*, 277 AD2d 655, 656 [2000]; *Matter of Conte v Town of Norfolk Zoning Bd. of Appeals*, 261 AD2d 734, 738 [1999]). Also, while petitioner claims that respondent's officers lacked authority to discipline him because N-PCL 701 requires respondent to be operated instead by a board of directors, we note that respondent's certificate of incorporation reflects that it was formed by five persons who were acting as both directors and officers, and petitioner does not allege that its five officers have not continued to also act as directors, even if not so denominated. The bylaws expressly provide for governance by elected officers, whose powers include establishment of an executive committee to oversee charges brought against members (see N-PCL 713 [b], [e]). Moreover, it is clear that petitioner's actual suspension was approved by a majority vote of respondent's members, as provided in article XI of the bylaws.

Petitioner's argument that respondent's disciplinary action violated its bylaws because they fail to provide for expulsion or suspension of members is similarly unavailing. Within contracts of association "there inheres a term binding members to loyal support of the society in the attainment of its proper purposes, and that for a gross breach of this obligation the power of expulsion is impliedly conferred upon the association" (*Polin v Kaplan*, 257 NY 277, 282-283 [1931]). A person who displays disloyalty, performs acts injurious to the association or tending to its disruption is said to have breached the implied obligation of loyal support (see *id.* at 284). Also "[t]he courts of our State generally have supported the enforcement of union discipline other than when to do so would operate to suppress criticism or political activity within the union" (*Ballas v McKiernan*, 35 NY2d 14, 19 [1974], *cert denied* 419 US 1034 [1974]).

Here, petitioner effectively took the side of the employer when he refused to relinquish an assignment that respondent claimed was made in violation of the collective bargaining agreement and was the subject of its grievances. Respondent reasonably considered this action as disloyal and injurious to its interests

and, as a result, a breach of petitioner's implied and express obligations as a member. Accordingly, we conclude that Supreme Court was correct in finding that petitioner failed to allege or show that respondent's disciplinary process was improper or illegal (*see Caposella v Pinto*, 265 AD2d 362, 363 [1999]; *Futterman v New York State Nurses Assn.*, 124 Misc 2d 693, 694 [1984]).

Nor can we agree with petitioner's contention that respondent's disciplinary action denied him fair representation. A union's duty of fair representation does not apply to internal union membership decisions not affecting the terms and conditions of employment (*see Matter of Stanley [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO*, 23 PERB ¶ 3052 [1990]; *Matter of Civil Serv. Empls. Assn., Inc. [Liebler]*, 17 PERB ¶ 3072 [1984]). Here, petitioner does not allege that his suspension had any affect upon his employment relationship with the City.

We have examined petitioner's remaining contentions, including his claim that he was denied notice of the charges against him and a fair hearing, and conclude that they also have no merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.