■ In the Matter of LEAGUE FOR THE HANDICAPPED, INC., Appellant, v SPRINGVILLE GRIFFITH INSTITUTE CENTRAL SCHOOL DISTRICT et al., Respondents. [886 NYS2d 523]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 23, 2009 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking

to annul the negative declaration pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) issued by the Board of Education for the Springville Griffith Institute Central School District (respondent) in connection with respondents' proposal to construct a new transportation center near a facility operated by petitioner. Contrary to petitioner's contention, we conclude that respondent did not violate the substantive and procedural aspects of SEQRA in issuing the negative declaration, and thus we affirm the judgment dismissing the petition. Although petitioner is correct that "[a] lead agency improperly defers its duties when it abdicates its SEQRA responsibilities to another agency or insulates itself from environmental decisionmaking" (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 234 [2007]), we cannot agree with petitioner that respondent did so here by relying upon expert consultants in making its determination. "Nothing in SEQRA bars an agency from relying upon information or advice received from others, including consultants or other agencies, provided that the reliance was reasonable under the circumstances" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 427 [1986]), and here respondent's reliance on the information and advice provided by consultants was reasonable. Based on the evidence in the record before us, we agree with Supreme Court that respondent "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). Contrary to petitioner's further contention, there is no substantial evidence issue to be determined in this proceeding inasmuch as there was no "hearing held . . . at which evidence was taken[ ] pursuant to direction by law" (CPLR 7803 [4]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-772 [2005], *lv dismissed* 6 NY3d 890, 7 NY3d 708 [2006]; *see generally Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]).

Petitioner's contention with respect to the possible impact of the proposal on a sole source aquifer was not raised in the petition (*see Matter of Town of Rye v New York State Bd. of Real Prop. Servs.*, 10 NY3d 793, 795 [2008]; *Matter of Berich v Ithaca Police Benevolent Assn., Inc.*, 23 AD3d 904, 905 [2005]) and, indeed, is raised for the first time on appeal. Thus, that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD3d 984, 985 [1994]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.