Matter of Abbitt v Carrube (2018 NY Slip Op 01394)





Matter of Abbitt v Carrube


2018 NY Slip Op 01394


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5856 101678/15

[*1]In re Serena Abbitt, Petitioner-Appellant,
v
Michael Carrube, etc., et al., Respondents-Respondents.


The Law Offices of Fausto E. Zapata, Jr., P.C., New York (Michael Coviello of counsel), for appellant.
Koehler & Isaacs, New York (Howard Wien of counsel), for Michael Carrube, Keith Blair, Patric Beauford, Thomas Cummings and Subway Surface Supervisors Association, respondents.
James B. Henly, Brooklyn (Kathryn E. Martin of counsel), for Christopher Johnson, respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 7, 2016, which, in this hybrid CPLR article 78 proceeding and plenary action, denied the petition to annul the determination of respondent Subway Surface Supervisors Association (SSSA or the union), dated January 8, 2016, upholding the recommendation of the union's trial committee that petitioner be removed from her elected position as Section Vice President, dismissed the proceeding, and granted defendants' motions to dismiss the libel claims, unanimously affirmed, without costs.
SSSA represents employees of the New York City Transit Authority (NYCTA) in various titles. Petitioner seeks to annul SSSA's removal of her from an elected position and from an appointed position, and asserts libel claims against SSSA, its president, the chairperson and members of its trial committee, and the Senior Vice President of NYCTA's Office of Labor Relations.
SSSA's removal of petitioner from her elected position is consistent with its constitution and is rational and not arbitrary and capricious (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Petitioner's June 17, 2015 email to several NYCTA officials and her persistent use of personal business cards, email address, and cell phone number, despite directions to use those provided by SSSA, constitute a disregard for respondent union president Michael Carrube's directions and disloyalty to the union (see Matter of Berich v Ithaca Police Benevolent Assn., Inc., 23 AD3d 904 [3d Dept 2005]; see also Matter of Holmes v United Mut. Life Ins. Co., 286 App Div 500, 502 [1st Dept 1955], affd in part, appeal dismissed in part 2 NY2d 1001 [1957]).
The record demonstrates that petitioner was not prejudiced by the notice she received with respect to her removal from her elected position (see Costanzo v Long Is. Bd. of Realtors, 143 AD2d 625, 626 [2d Dept 1988]). She was provided with the requisite notice of the charges and an opportunity to be heard, and she fully participated in the hearing, at which she was represented by counsel and at which the charges were clarified. Petitioner failed to identify anything in SSSA's constitution that supports her contention that she is entitled to the same due process protections with respect to her appointed position.
The libel claim against SSSA was correctly dismissed since absolute immunity from liability for libel attaches to the trial committee's charges initiating the quasi-judicial proceedings against petitioner (Wiener v Weintraub, 22 NY2d 330 [1968]; Sullivan v Board of Educ. of Eastchester Union Free School Dist., 131 AD2d 836, 839 [2d Dept 1987]) and to the hearing officer's decision (Harms v Riordan-Bellizi, 223 AD2d 624, 625 [2d Dept 1996]).
The libel claim against Carrube was correctly dismissed, since the alleged libelous statement, that petitioner violated the chain of command, is at least substantially true (see Franklin v Daily Holdings, Inc., 135 AD3d 87, 94 [1st Dept 2015]). Carrube's use of the words "unethical" and "detrimental to the members" to describe petitioner's behavior is an expression of pure opinion and is supported by a factual predicate (see Steinhilber v Alphonse, 68 NY2d 283, 289 [1986]; Silsdorf v Levine, 59 NY2d 8, 13—14 [1983], cert denied 464 US 831 [1983]).
The libel claim against respondent NYCTA Senior Vice President of Labor Relations Christopher Johnson arises from statements that Johnson made in an email to Carrube about the nature of the relationship between NYCTA's Office of Labor Relations and SSSA and the need for "mutual cooperation" and "respect" between them. Johnson's use of words such as "inappropriate," "disrespect," and "intimidation" to characterize petitioner's conduct is an expression of his opinion of her performance and its effect on SSSA's relationship with NYCTA, and, considered in the context of the entire email, including its tone and purpose, is not actionable (see Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 380 [1977], cert denied 434 US 969 [1977]; Frechtman v Gutterman, 115 AD3d 102, 105 [1st Dept 2014]). The only factual statement in Johnson's email that petitioner challenges was made to someone with a common interest in the subject matter and is therefore protected by a qualified privilege (see Foster v Churchill, 87 NY2d 744, 751 [1996]). Petitioner's allegation of malice on Johnson's part is conclusory and therefore insufficient to overcome the privilege (see Green v Combined Life Ins. Co. of N.Y., 69 AD3d 531 [1st Dept 2010]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK