■ In the Matter of JESSIE O'BRIEN et al., Petitioners, against MELVILLE KAHN et al., Constituting the Zoning Board of Appeals of the City of New Rochelle, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the City of New Rochelle which denied an application for a permit and a variance to erect and operate a gasoline service station. The proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296). Determination unanimously confirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ.; Murphy, J., deceased.

■ In the Matter of JOSEPH J. REICH, Appellant, against ANTHONY J. BOSCO et al., Individually and as Members of the Board of Elections and the Board of Canvassers of Putnam County, et al., Respondents.— In a proceeding pursuant to article 14 of the Election Law and article 78 of the Civil Practice Act, the appeal is from an order dismissing the petition. On November 10, 1959, seven days after the election of respondent Verrier to the office of Councilman of the Town of Kent, Putnam County, appellant brought this proceeding, inter alia, to annul said respondent's election, to restrain the Board of Canvassers of Putnam County from including the votes cast for him under the Liberal Party line, and to restrain the Board of Elections of Putnam County from issuing a certificate of election, on the ground that his nomination by the Liberal Party was invalid. After the general election on November 3, 1959, the voting machines showed that appellant received 1,208 votes on Row A, Republican, and that respondent Verrier received 1,197 votes on row B, Democratic, and 59 votes on row C, Liberal. Order unanimously affirmed, without costs. (See Matter of Buechel v. Bosco, 9 A D 2d 916.) — Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.

■ MILDRED MATEN et al., Respondents, v. BENJAMIN ABRAMS et al., Appellants.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from so much of an order as denied appellants' cross motion for a pretrial discovery and inspection of the medical records of respondent Mildred Maten's physician. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.

■ CHARLES R. MAXWELL et al., Appellants, v. KRISTEN KRISTENSEN et al., Constituting the Common Council of the City of Yonkers, et al., Respondents.— Appeal from a judgment, entered after trial, dismissing the complaint in an action by taxpayers for a judgment (1) declaring that the sale of a parcel of real property by the respondent city to the respondent Vioe Realty Corp. is void and unlawful, (2) declaring that the city may not sell the parcel except in the manner provided for in paragraph b of subdivision 2 of section 23 of the General City Law and in section 37 of the Second Class Cities Law, and (3) enjoining the completion of the sale. Judgment unanimously affirmed, with one bill of costs. No opinion. Present — Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased. [15 Misc 2d 875.]

■ EDWARD MERLI, as Executor of HELEN MISKEL, Deceased, Respondent, v. WILLIAM M. MISKEL, Appellant.— In an action to impress a constructive trust on the proceeds of a joint savings bank account which were withdrawn by the survivor, the appeal is from an order denying appellant's motion for summary judgment dismissing the complaint (Rules Civ. Prac., rule 113), and granting respondent's cross motion to strike out, as insufficient, the affirmative defenses invoking the Statute of Frauds (Rules Civ. Prac., rule 109, subd. 6). Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.