Hon. William D. Bavoso Corporation Counsel, Port Jervis
We acknowledge receipt of your letter requesting our legal opinion. You state that the Port Jervis Urban Renewal Agency, which was created by General Municipal Law § 584, is being closed down and has transferred its remaining real property to the city. You ask (1) whether all or a part of this real property and also other real property acquired by the city at tax sale must be sold only at public auction and (2) whether the Administrator, Community Development and Administrative Services, which position was created and made an appointive city office by City of Port Jervis Local Law No. 1 for the year 1978, may purchase such real property.
General Municipal Law § 556 authorizes an urban renewal agency to dispose of its real property and subdivision 4 authorizes such real property to be disposed of to any municipal corporation at an agreed upon consideration without public auction or sealed bids or public notice. We assume that the Urban Renewal Agency's real property was disposed of to the city under General Municipal Law § 556
subd 4 or other similar authority. Nothing appears in your letter to indicate that the character of the urban renewal real property has changed so we conclude that its nature remains as urban renewal real property but owned now by the city. General Municipal Law §507 subd 1 authorizes a municipality owning urban renewal real property to sell the same at the highest marketable price at public auction or by sealed bids pursuant to the provisions of any general, special or local laws applicable to the sale or disposition of real property by the municipality.
In our opinion, urban renewal real property owned by a city may be sold only in accordance with the provisions of General Municipal Law §507 and private sale to an individual, in the sense of that term as you use it, is not contemplated therein.
Real property which has been purchased by a city at tax sale is not "city real estate" such as is contemplated in General City Law § 23 and not subject to the inhibitions of that statute regarding the sale of city real estate (McSweeney v Bazinet, 269 App. Div. 213, app den269 App. Div. 912, affd 295 N.Y. 797 [1945]; Maxwell v Kristensen,15 Misc.2d 875, affd 9 A.D.2d 919, app den 10 A.D.2d 711 [1959]). However, even an authorized sale of city real property at private sale tends to produce speculation as to whether there was collusion in reaching an agreement on the sale price. We feel that it is preferable to avoid a private sale of real property acquired by a city at tax sale unless and until it has been demonstrated that the property cannot be sold for a satisfactory consideration at public auction or by sealed bids. It is always proper and it is usually the wisest course for a city to insert in the notice of public auction or the invitation for sealed bids that the city reserves the right to reject any and all bids. By doing this a sale at an entirely inadequate consideration can be prevented and justification can be found for an agreed upon price for a subsequent private sale.
The "General Powers and Duties of the Administrator, Community Development and Administrative Services," as set out in City of Port Jervis Local Law No. 1 for the Year 1978, when examined in juxtaposition with General Municipal Law Article 18 (§§ 800-809) indicate that a conflict of interest would arise if that officer purchased real property from the City of Port Jervis. In our opinion, the Administrator, Community Development and Administrative Services of the City of Port Jervis is disqualified from purchasing real property from that city regardless of the method of conducting the sale or the purpose for which the city acquired the real property.