■ HARTWOOD SYNDICATE, INC., Appellant, v PASSAIC VALLEY COUNCIL, BOY SCOUTS OF AMERICA, Respondent. — In an action pursuant to article 15 of the Real Property Actions and Proceedings Law to quiet title to a parcel of land constituting a part of the bed of a reservoir and to enjoin defendant from operating a dam on said reservoir so as to overflow the bed below it, plaintiff appeals from so much of an amended order and judgment (one paper) of the Supreme Court, Orange County, dated June 19, 1980, as (1) granted defendant's cross motion for summary judgment to the extent of

declaring defendant to be the owner of the land in dispute, and (2) denied plaintiff's motion for summary judgment. Amended order and judgment modified, on the law, by deleting therefrom the provisions granting the defendant's cross motion for summary judgment and denying that part of plaintiff's motion for summary judgment which was to adjudge plaintiff the owner in fee simple of the portion of the bed of the Beaver Dam Pond/Reservoir in issue and substituting therefor provisions granting said part of plaintiff's motion and denying defendant's cross motion. As so modified, amended order and judgment affirmed insofar as appealed from, without costs or disbursements. Special Term erred when it refused to find that the recited description in the 1870 deed from Osmer B. Wheeler to Stephen W. Royce, which stated "thence *** about thirty chains to Beaver Dam Pond thence along said Pond northerly to the said County line", included, as part of the conveyance, the submerged land within its bounds to the center of the pond (see *Gouverneur v National Ice Co.,* 134 NY 355; *White v Knickerbocker Ice Co.,* 254 NY 152). Under the rule enounced in *Gouverneur* and *White,* it is clear that Royce was seized of the disputed submerged lands. In 1885 Royce conveyed the land to William H. Gray but expressly excluded the submerged land by use of a more specific legal description. Thus, whether he intended it or not, he remained seized of the submerged property. Thus, when a tax delinquency proceeding was brought in 1905, Royce (or his heirs) was responsible for the taxes not yet paid. Of course, at the time of the tax sale, Royce or his heirs could have attacked the proceeding for various procedural defects. However, under section 132 of chapter 908 of the Laws of 1896, applicable at the time of the tax sale conveyance, there was a Statute of Limitations in effect of two years for procedural defects in the sale and five years for jurisdictional and constitutional defects. The record discloses no such attacks on the sale by the county treasurer and hence we find that the tax deed of 1906, through which the plaintiff claims title to the disputed portion of the pond bed, was valid. As to the injunctive relief requested, we note that in a prior action between these parties *(Passaic Val. Council, Boy Scouts of Amer. v Hartwood Syndicate,* 39 NY2d 1022, reinstating judgment of Trial Term on the opinion of Mr. Justice Gibson, 75 Misc 2d 1018) a permanent injunction was entered enjoining the plaintiff from interfering with the dam, appurtenances, reservoir and waters. The rationale, stated by Mr. Justice Gibson for maintaining the *status quo* of the pond and its ecosystem, is just as valid today as it was eight years ago, and hence we affirm that part of Special Term's decision which denied that part of plaintiff's motion for summary judgment which was to enjoin the defendant from regulating the dam so as to overflow the pond bed, including that part owned by the plaintiff. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.