In the Matter of SALVATORE V. BELARDO, Appellant, v CITY OF SCHENECTADY et al., Respondents. [814 NYS2d 307]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Reilly, Jr., J.), entered February 25, 2005 in Schenectady County, which, inter alia, partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents City Council of City of Schenectady and Mayor of the City of Schenectady conveying certain parcels of real property.

As relevant herein, respondent City of Schenectady acquired three pieces of property in 1997 and 1999 through in rem tax foreclosure proceedings. The parcels were located at 416 and 420 Broadway and 459 Edison Avenue in the City of Schenectady, Schenectady County. In 2004, the City solicited proposals for the purchase and development of said properties. In that request, the City required interested parties to submit "a detailed business plan, including, but not limited to projections of project, impact to property and surrounding area, benefits to community and city, planned number of jobs being created, type of planned business, references and previous experience etc." The proposal information also advised that: "Decisions on proposal acceptance are made by the City's Property Disposition Committee and not by any single individual. Decisions of the Property Disposition Committee are recommended to the Mayor and the City Council for final approval."

Thereafter, petitioner, who owns and operates a used car dealership on property adjacent to the parcels, submitted a proposal wherein he offered to pay $12,000 for the three properties ($4,000 each). Petitioner's development plan for the Broadway properties was construction of a retail auto accessories store and a three-bay installation garage. He planned to use the Edison Avenue property to "create an entrance and exit area for customer parking," as well as facilitating customer access to the installation garage. Respondent Quality Roofing Supplies, Inc. submitted a proposal in which it offered $2,500 for the Edison Avenue property. Quality initially proposed to construct a warehouse on the premises, but apparently later revised its plan to indicate the property would be used for parking. Finally, respondent John Roth, a member of respondent Highbridge Broadway, LLC and respondent Plank Construction Company, Inc., submitted a proposal offering a total of $4,500 for the Broadway properties. Roth's development plan included the two parcels in a larger plan to construct a three-story, 33,000-square-foot office building along Broadway and Edison Avenue.

The competing proposals were presented to the Property Disposition Committee, which referred them to respondent City Council of the City of Schenectady.[1] After permitting the bidders to present their plan at a City Council meeting, the City Council and respondent Mayor (hereinafter collectively referred to as respondents) accepted the proposals of Quality and Roth. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, seeking annulment of the determination. Supreme Court granted petitioner's application to the extent that it sought to annul respondents' determination to convey the properties located at 416 and 420 Broadway to Roth,[2] but declined to annul the determination conveying the property located at 459 Edison Avenue to Quality. Petitioner now appeals.

Initially, we are unpersuaded by petitioner's contentions that

**1.** We note that, while petitioner objects to the fact that the Property Disposition Committee did not make an initial recommendation to the City Council concerning which proposal to accept in accordance with its own published rules and procedures, the solicitation materials included more than one notification that, despite a recommendation by the Property Disposition Committee, the final determination rested with the City Council. Thus, to the extent that the Property Disposition Committee's deference to the City Council may have departed from the specified procedure, we find the deviation to be minor and inconsequential.

**2.** Supreme Court found that acceptance of the proposal submitted by Roth was arbitrary and capricious inasmuch as implementation of the plan required utilization of "properties owned by others, including petitioner," and, therefore, the proffered plan was not possible. Inasmuch as no appeal was filed from that determination, the merits will not be addressed.

respondents violated various statutory provisions by not conveying the subject properties to the highest bidder in the first instance. Petitioner's reference to General City Law § 23 and Second Class Cities Law §§ 22 and 37 to support his argument that a public auction should have been held is unavailing. Those statutory provisions require the sale of "city real estate" to take place at a public auction. On the other hand, the properties herein were acquired through tax foreclosure proceedings and are not considered to be city real estate as described in those statutes (*see McSweeney v Bazinet*, 269 App Div 213, 217 [1945], *affd* 295 NY 797 [1946]; *Coppotelli v Commissioner of Dept. of Bldgs. of City of N.Y.*, 169 Misc 2d 888, 893-894 [1996], *affd* 240 AD2d 666 [1997]; *see also* 1978 Atty Gen [Inf Ops] 317).

Furthermore, we do not agree with petitioner's contention that the conveyance should be invalidated because respondents failed to precisely follow all the procedures contained in Schenectady City Code former § 234-4. Notably, that provision required a sale by public auction for tax foreclosed properties "within four months from the date of acquisition" where the City has not set aside the properties for certain public purposes or sold them in accordance with the rules of sale of the Schenectady Urban Renewal Agency. Given that the subject parcels were retained by the City for several years before they were offered for sale, it is apparent that strict compliance with the terms of that provision was simply not possible. This irregularity does not mean, however, that the City lacked the authority to sell the properties. To the contrary, the City's broad discretion to effectuate a sale is established in Real Property Tax Law § 1166 (1), which provides, in relevant part, that "[w]henever any tax district shall become vested with the title to real property by virtue of a foreclosure proceeding . . . such tax district is hereby authorized to sell and convey the real property so acquired, either with or without advertising for bids, *notwithstanding the provisions of any general, special or local law*" (emphasis added). This broad language places no limitation on the discretion of a city to dispose of property acquired through tax foreclosure proceedings so long as, if not by public auction, the disposition is approved by the common council (*see* Real Property Tax Law § 1166 [2]). Since the subject sale complied with Real Property Tax Law § 1166, we find no basis for reversal on the grounds cited by petitioner.

Next, petitioner argues that respondents' determination to accept Quality's proposal to utilize the Edison Avenue parcel for parking space was arbitrary and capricious because the plan was impossible to achieve. Significantly, since this issue was not

before Supreme Court, it is not properly before this Court (*see Matter of Berich v Ithaca Police Benevolent Assn., Inc.*, 23 AD3d 904, 905 [2005]; *Matter of Conte v Town of Norfolk Zoning Bd. of Appeals*, 261 AD2d 734, 737 [1999]).

Finally, we have examined petitioner's remaining contentions, including his assertion that respondents should be compelled to, among other things, convey the Broadway properties to him in accordance with his original bid, and find them to be unpersuasive.

Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.